MR. AND MRS. LEO RAMBUR, MR. AND MRS. LEO AVERY, AND JOE SHERICH, PLAINTIFFS AND APPELLANTS, v. DIEHL LUMBER COMPANY, INC., DEFENDANTS AND APPELLEE.

No. 10525
Submitted April 16, 1963. Decided June 5, 1963.
382 P.2d 552.

Goldman & Jordan, Lee A. Jordan (argued orally), Missoula, for appellants.

Garlington, Lohn & Robinson, Sherman V. Lohn (argued orally), Missoula, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This action was instituted by the appellant filing an *unverified complaint* on June 21, 1962, in the district court of Sanders County.

On June 25, 1962, one of counsel for appellant, Lee A. Jordan, filed an affidavit of disqualification against the Honorable E. Gardner Brownlee.

On July 13, 1962, the respondent herein filed a motion dated July 11, 1962, to dismiss for the reason that the complaint did not state a claim against the defendant upon which relief could be granted.

On July 13, 1962, a stipulation was filed between counsel for both parties, stating that the motion to dismiss dated July 11, 1962, previously filed may be submitted to the court for determination without the necessity for appearance or argument by counsel for either of the parties.

On June 26, 1962, the Honorable E. Gardner Brownlee ordered that the Honorable Emmet Glore, the other judge of that district, be requested to assume jurisdiction in the above-entitled matter, and on July 1, 1962, jurisdiction of this cause was assumed by Judge Glore.

On September 19, 1962, in conformity with the stipulation of both parties heretofore filed, the plaintiffs' complaint was dismissed and the defendant's motion to dismiss was sustained.

Attention is directed to the express provisions of section 93-3702, R.C.M.1947, which provides:

"All complaints, answers, and replies must be verified as provided in this section * * *."

Respondent in filing the motion to dismiss July 13, 1962, put

the appellants on notice that the claim or statement was defective.

Counsel for the appellants cannot claim ignorance or lack of knowledge of the rule of this court, in that on September 26, 1962, the same question was presented and filed in Cause No. 10505 in this court, entitled State ex rel. Joseph, v. District Court of Fourth Judicial District, In and For Missoula County, 141 Mont. 604, 374 P.2d 512, and the Honorable E. Gardner Brownlee, one of the Judges thereof, Respondents, asking for a petition for writ of supervisory control. The facts briefly stated in that cause were that the plaintiff Joel H. Joseph filed a complaint on July 12, 1962, against the Reserve Life Insurance Company making certain allegations and contending that the plaintiff was entitled to $5,245, and his costs of suit. On August 2, 1962, the same counsel for appellants here were counsel for the relator in Cause No. 10505 and respondent filed a motion to strike on the ground that the complaint had not been verified as required by section 93-3702, R.C.M.1947.

On August 9, 1962, in Cause No. 10505, the Honorable E. Gardner Brownlee sustained the motion to strike on exactly the same grounds as in the instant cause for failure to verify, and on October 1, 1962, this court denied the petition for writ of supervisory control in Cause No. 10505.

After having been literally told by this court on October 1, 1962, that the complaint must be verified, the appellants by and through their attorney of record, Lee A. Jordan, on November 27, 1962, filed their brief, and oral argument was heard in this cause on April 16, 1963.

The record in this cause shows plainly that Judge Glore assumed jurisdiction on July 1, 1962, although it would appear that his assumption was not filed until September 19, 1962. Counsel for the appellants certainly was aware of the rule of the court that if one judge was disqualified the other judge assumed jurisdiction, and by his stipulation filed on July 13, 1962, wherein there was stated that the motion to dismiss dated

July 11, 1962, "may be submitted to the Court for determination without the necessity of appearance or argument by counsel for either of the parties."

The order of dismissal was filed on October 9, 1962, and on October 16, 1962, at the request of the appellants, judgment was duly entered and it is from this judgment that the plaintiffs-appellants appeal.

A reading of the complaint or statement of claim discloses a continuing violation of Rule 8(a), M.R.Civ.P., which reads:

"A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

The complaint in this action fails to do this and for these reasons:

Paragraph V of the complaint sets out the construction of the mill by the defendant in the year 1954, and yet paragraph IV of the complaint alleges the incorporation of the defendant company in 1956. It is fair to say that the complaint endeavors to set out the creation and maintenance of a public nuisance, and yet with these contradictory dates of the construction of the mill in 1954 and the incorporation in 1956, the defendant cannot be charged with the creation of a nuisance.

Then paragraphs VII, VIII and IX purport to show the measure of damages to the plaintiffs based on the value of the property before the mill was established and the value of their property at the time the complaint was filed.

In Barron and Holtzoff, Federal Practice and Procedure § 255, it is said: "* * * a complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts which can be proved in support of its allegations."

The foregoing statement is somewhat qualified by the statement from New Home Appliance Center, Inc. v. Thompson, (C. A. 10th, 1957), 250 F.2d 881, where the court said:

"It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon *any legally sustainable basis.*" Emphasis supplied.

■ This court agrees that plaintiffs' pleading should be so viewed. Yet a complaint must state something more than facts which, at the most, would breed only a suspicion that plaintiffs have a right to relief. Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief. Barron & Holtzoff, Federal Practice and Procedure § 255, supra. See also Hays v. Hercules Powder Co., (D.C.Mo.) 7 F.R.D. 599; Eli E. Albert, Inc. v. Dun & Bradstreet (D.C.N.Y. 1950), 91 F.Supp. 283. In Hoshman v. Esso Standard Oil Co. (C.A. 5th, 1959), 263 F.2d 499, certiorari denied 361 U.S. 818, 80 S.Ct. 60, 4 L.Ed.2d 64, the court stated:

"But when the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit there is no need to go to trial."

To directly answer appellants' contentions, we hold:

■ (1) The complaint did not state a claim upon which relief could be granted;

■ (2) The plaintiffs elected not to amend their complaint, but to stand on it, unverified, and moreover, there is nothing in the record to indicate that there was any set of circumstances which would admit of their stating a claim upon which relief could be granted under the present complaint.

The judgment of the lower court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON and CASTLES concur.