MR. JUSTICE WEBER
delivered the Opinion of the Court.
This is a traffic accident case in which the jury found plaintiff 90% comparatively negligent. Defendant appeals from an order of the Cascade County District Court, which concluded defendant, the following driver, was negligent as a matter of law and granted plaintiffs a new trial on the issue of damages only. We reverse the order of the court *201 and reinstate the jury verdict.
The dispositive issue on appeal centers on the relationship between negligence per se and comparative negligence.
The accident occurred on August 29, 1979 at the intersection of First Avenue North and 26th Street in Great Falls, Montana. Both parties were traveling east in the right lane of First Avenue North, a two lane, one way street. Traffic was heavy. The weather was clear. Visibility was good. Prior to the rear-end collision, the light at the intersection was red.
Before trial, plaintiffs moved for summary judgment on the issue of liability. The District Court denied this motion on the basis that there were genuine issues of material fact to be resolved by the jury, including “the circumstances surrounding the subject accident and the negligence, if any, of the Plaintiff Eva P. Reed and the Defendant Terry Little.”
Plaintiff Eva Reed testified initially that defendant’s car hit her from behind as she stopped or began to stop at the intersection. She was then confronted with a statement she had given to a police investigator at the scene of the accident. At that time she said that she had stopped for the red light, started forward when traffic began moving after the light changed, and stopped again because a car stopped in front of her. She admitted that the statement she had given to the police investigator was correct. This “second stop” version is consistent with testimony on behalf of the defendant.
Defendant Terry Little testified that after the traffic signal had turned green, he began moving slowly forward behind Mrs. Reed’s automobile. He testified that she proceeded approximately one car’s length and then made a sudden, unsignaled stop for no apparent reason.
Mrs. Elsie Huss, who was driving a four-wheel drive pickup, testified that she had an unobstructed view of the accident because of the height of the pickup’s cab. She testified that she had stopped behind Mr. Little’s car, which *202 was five to ten feet behind Mrs. Reed’s automobile. When the light turned green, plaintiff began moving, then defendant started moving. Mrs. Huss testified that Mrs. Reed’s taillights came on just before defendant hit her from behind.
Both eyewitness Huss and the defendant testified that there was no apparent reason for Mrs. Reed’s sudden stop. Mrs. Reed testified that she applied her brakes “very easily” because there was a car stopped a car’s length in front of her. She stated that the car drove off about a second after defendant hit her car. Adult passengers in defendant’s automobile and Mrs. Huss’ pickup testified there was no car in front of Mrs. Reed at the time she stopped.
The substantive principles of law which govern this case are codified at Sections 61-8-329(1), MCA (following-too-closely) and 61-8-303(1), MCA (the basic rule). These statutes were given as Jury Instructions Numbers 6 and 5:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.” Section 61-8-329(1), MCA.
“A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and he shall drive it so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to use of the street or highway.” Section 61-8-303(1), MCA.
The jury returned a special verdict finding the plaintiff, Eva P. Reed, 90% contributorily negligent, and the defendant, Terry Little, 10 % contributorily negligent. Not having been instructed on the effect of comparative negligence, the *203 jury determined plaintiff’s damages to be $3,233.68, with no damages for Mr. Reed’s claim for loss of consortium. Judgment was entered awarding nothing to either plaintiff and awarding defendant his costs.
After post-trial motions by the plaintiffs, the court concluded that the defendant was liable as a matter of law, issued a judgment notwithstanding the verdict, and granted plaintiffs a new trial on damages only. The order did not comment on any negligence on the part of Mrs. Reed. In setting aside the jury verdict, the court concluded that the defendant, as the following driver, was negligent as a matter of law, that his negligence was the proximate cause of plaintiffs’ damages, and that the only issue to be presented on retrial was the amount of damages sustained by plaintiffs.
The relationship between negligence per se and comparative negligence is the dispositive issue. Because of our conclusion on this issue, it is not necessary to address issues regarding the motion for judgment notwithstanding the verdict and the sufficiency of the court’s findings of fact, conclusions of law and order entering the judgment in favor of plaintiffs and granting the new trial.
The Montana legislature adopted the comparative negligence rule in 1975. But for a comma, the original statute is identical to the current law:
“Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.” Section 27-1-702, MCA.
The legislature did not define the effect of comparative negligence on existing areas of tort law when it enacted what is now Section 27-1-702, MCA. No statute covers the interaction between a claimed violation of a traffic statute and *204 comparative negligence.
The District Court accepted plaintiffs’ contention that a statutory violation coupled with proximate causation was sufficient to constitute negligence per se, which imposed absolute liability upon the defendant violator. Plaintiffs contend that negligence per se cannot be compared to ordinary negligence and that negligence per se can only be compared where both parties are guilty of statutory violations.
Defendant agrees that proof of a statutory violation and proximate causation are sufficient to prove negligence. However, he contends that the defense of contributory negligence is still appropriate, leaving to the jury the comparison of the degree of negligence on the part of both parties.
In Lackey v. Wilson (Mont. 1983), [203 Mont. 476.,] 668 P.2d 1051, 40 St.Rep. 1439, the jury determined that plaintiff was guilty of 50% contributory negligence. The plaintiff allowed the question of her contributory negligence to be submitted to the jury although defendant had been cited for and plead guilty to a statutory violation (failure to yield while making a left turn). The jury was instructed as to both parties’ obligations in turning situations, as well as to every motorist’s duty to drive carefully and maintain a proper lookout. This Court rejected plaintiff’s assertion that pleading guilty to a traffic citation for a statutory violation conclusively established defendant’s culpability for the accident. The evidence in Lackey raised factual issues for the jury’s determination. We held that plaintiff’s speed upon entering the intersection and the fact that her view was completely obstructed constituted sufficient evidence to support the jury’s finding that plaintiff was 50% contributorily negligent. Lackey, 668 P.2d at 1054, 40 St.Rep. at 1443.
In Thibaudeau v. Uglum (Mont. 1982), [201 Mont. 260,] 653 P.2d 855, 39 St.Rep. 2096, the jury found plaintiff to be 40 % contributorily negligent in causing a traffic accident at an unmarked intersection. As here, the District Court denied plaintiff’s motion for a directed verdict on the issue of *205 defendant’s negligence. This Court noted that the conflicting testimony raised factual issues for the jury to decide as to whether defendant entered the intersection first (according him the right-of-way) or whether the vehicles approached or entered the intersection at approximately the same time (giving plaintiff the right-of-way), and whether each driver kept the proper lookout. We held that a directed verdict may not be predicated on such conflicts of material fact. Thibaudeau, 653 P.2d at 859, 39 St.Rep. at 2102.
In support of its conclusion that the defendant was liable as a matter of law in this case, the District Court cited Farris v. Clark (1971), 158 Mont. 33, 487 P.2d 1307; Custer Broadcasting Corp. v. Brewer (1974), 163 Mont. 519, 518 P.2d 257; and Kudrna v. Comet Corp. (1977), 175 Mont. 29, 572 P.2d 183. All three cases involved accidents that occurred prior to July 1,1975 and were decided under the law in existence prior to the adoption of Montana’s comparative negligence statute. In these cases, no comparison between defendant’s negligence as a matter of law for a statutory violation and any negligence on the plaintiff’s part was allowed. However, that conclusion is no longer warranted since the adoption of the comparative negligence statute.
Under the old contributory negligence rule, a plaintiff could not recover if the plaintiff were negligent in any degree. This is no longer true. Under the comparative negligence statute, a plaintiff may recover where the jury finds both the plaintiff and defendant to have been negligent.
“[T]he negligence of the plaintiff does not bar recovery so long as it is not greater than that of the defendant. However, his recovery is reduced by his own contributory negligence.” Derenburger v. Lutey, [207 Mont. 1,] 674 P.2d 485, 40 St.Rep. 902, 904-05.
A plaintiff whose negligence is partially responsible for the accident is no longer barred from recovery. Both parties may be found partially responsible for the accident. Either party’s negligence may be evidenced by violation of a traffic *206 statute.
The dissent suggests that all jurisdictions that have considered a statute similar to Section 61-8-32(1), MCA, have concluded that the primary duty always rests upon the following driver. Without analyzing all jurisdictions, we note that California’s following-too-closely statute is identical to Montana’s and California courts have held to the contrary. See Annot. to Cal. Veh. Code Section 21703; Leighton v. Dodge (1965), 236 Cal.App.2d 54, 45 Cal.Rptr. 820 (negligence is not necessarily established as a matter of law when one vehicle runs into the rear of another); Coppock v. Pacific Gas & Electric Co. (1934), 137 Cal.App.80, 30 P.2d 549 (what is a reasonable and prudent distance to be maintained between vehicles is a question of fact). See also, Annot., 85 A.L.R.2d 613, 636 (1962).
We hold that the defense of contributory negligence on plaintiff’s part is available to a defendant who has violated a traffic statute. It is for the factfinder to determine the comparative degree of negligence on the part of plaintiff and defendant.
On the special verdict form, the jury answered “yes” to each of the following questions:
“Question Number 1: Was [defendant] Terry Little guilty of negligence which proximately contributed to or caused the accident and injuries?
“Question Number 2: Was [plaintiff] Eva P. Reed guilty of negligence which proximately contributed to or caused the accident and injuries?”
Testimony about plaintiff’s “sudden stop” in heavy traffic for no apparent reason could be considered as evidence of violation of the basic rule, which requires every driver to drive in a careful and prudent manner. Section 61-8-303(1), MCA; Jury Instruction No. 5. In a similar manner, the evidence of defendant’s failure to stop in time to avoid the rear-end collision could be found by the jury to constitute following more closely than was reasonable and prudent under the circumstances. Section 61-8-329(1), MCA; *207 Jury Instruction No. 6. The fact that both parties may well have been guilty of statutory violations is a further reason for leaving the comparison of the negligence to the jury in this case.
We conclude that the jury must consider evidence of negligence from violation of a highway traffic statute, which was a proximate cause of the accident, with other evidence of negligence on the part of both parties. The jury must then weigh or compare the negligence of both parties in reaching its verdict.
We reverse the order of the District Court granting judgment to the plaintiffs notwithstanding the jury verdict and granting a new trial. On remand the original judgment is to be reinstated awarding nothing to plaintiff and costs to defendant.