JUSTICE WEBER
delivered the Opinion of the Court.
This is an appeal from an order by the Thirteenth Judicial District, Yellowstone County, granting a directed verdict in favor of plaintiff. Defendant appeals. We reverse.
The issues presented for óur review are:
1. Did the District Court err in granting a directed verdict?
2. Did the District Court err in excluding certain hearsay evidence?
3. Did the District Court err in allowing a police officer to testify as to the cause of the accident?
4. Did the District Court err in excluding testimony regarding a traffic citation?
I
The present case involves a traffic accident and issues of negligence. The case was originally tried by jury in May of 1985. It was subsequently appealed to this Court. In Hart-Anderson v. Hauck (1988), [230 Mont. 63,] 748 P.2d 937, 45 St.Rep. 18, we remanded the case for a new trial.
A second jury trial was held on December 10, 1988, and at the conclusion of the evidence the court granted plaintiff’s motion for a directed verdict, concluding that as a matter of law defendant was negligent and plaintiff was not contributorily negligent. Defendant *446 contends that a directed verdict was not appropriate in that the testimony at trial raised issues of fact as to whether plaintiff was contributorily negligent. Defendant contends that this evidence should have been submitted to a jury.
Regarding a directed verdict, this Court has previously stated that, “No case should be withdrawn from the jury if reasonable men may differ as to the conclusions drawn from the evidence.” Mydlarz v. Palmer/Duncan Const. Co. (1984), 209 Mont. 325, 682 P.2d 695. Our review of the record reveals issues of fact upon which reasonable men could differ and we conclude that a directed verdict was not appropriate in this case.
This automobile accident occurred in Billings, Montana on December 6, 1982. The streets that day were very icy. Plaintiff and defendant were both in vehicles traveling east on Broadway, approaching the intersection to Tenth Avenue, with plaintiff ahead of defendant. Broadway approaches Tenth Avenue with a downhill incline. As plaintiff approached Tenth Avenue, she noticed a large delivery truck crossing the intersection in front of her. She also noticed a small Volkswagen on Tenth Avenue behind the truck. As plaintiff approached the intersection she also noticed defendant approaching from her rear. Ultimately defendant’s vehicle hit the rear end of plaintiff’s vehicle, knocking plaintiff’s vehicle across Tenth Avenue, where it collided with the Volkswagen. It came to rest alongside the Volkswagen, facing south. The damage to plaintiff’s car was estimated at $685.
There was testimony presented at trial from five eyewitnesses to the accident. In addition to the testimony of both plaintiff and defendant, there was testimony submitted by deposition from Ms. Heald, the driver of the Volkswagen. The jury also heard testimony from Mr. Poindexter and Mr. Merriweather, both eyewitnesses to the accident. Mr. Merriweather witnessed the accident as he was sitting inside a business establishment at the corner of Broadway and Tenth Avenue. Mr. Poindexter also witnessed the accident from the second floor window of a nearby office building. Some of the testimony from these witnesses differs markedly as to how and where the accident occurred.
Plaintiff testified that as she traveled down Broadway her rear tire bumped the curb approximately 50 feet prior to reaching the intersection. She testified that she straightened her vehicle and was beginning her turn when the impact occurred. The testimony of Mr. Poindexter, Mr. Merriweather and Ms. Heald was substantially in *447 accord with this account. These witnesses testified that the impact occurred on Broadway as plaintiff began to turn onto Tenth Avenue. Mr. Poindexter also testified that he saw plaintiff’s rear tire bump the curb approximately 40 to 50 feet from the corner.
Defendant however, testified that plaintiff’s tire bumped the curb as plaintiff was making her right turn onto Tenth. In substance, defendant stated that she noticed plaintiff having difficulty ahead of her but that she was required to turn right because of the delivery truck on Tenth Avenue. Defendant testified that plaintiff’s vehicle was stopped in front of her as she turned the corner, and that the impact occurred on Tenth Avenue. She alleges that she would have made the right turn without problem had plaintiff not had difficulty negotiating her turn and if plaintiff had not stopped in front of her.
Defendant relies on this Court’s holding in Reed v. Little (1984), 209 Mont. 199, 680 P.2d 937, for the proposition that the defense of contributory negligence is available to her, and should properly have been submitted to the jury. We conclude that Reed is controlling in the present case. In Reed, we discussed negligence per se and its interaction with Montana’s newly enacted statute on contributory negligence, § 27-1-702, MCA. In Reed, we stated:
“We hold that the defense of contributory negligence on plaintiff’s part is available to a defendant who has violated a traffic statute. It is for the fact finder to determine the comparative degree of negligence on the part of plaintiff and defendant.”
Reed, 680 P.2d at 940.
In Reed, defendant rear-ended the vehicle ahead of him. Although the evidence in Reed on behalf of defendant established that plaintiff made an abrupt stop in front of defendant, plaintiff denied the stop. This conflicting testimony was properly submitted to the jury. In Reed, the jury found the lead driver was contributorily negligent even though defendant hit her from behind. In the present case, defendant testified that plaintiff was having difficulty controlling her car and making the right turn. She testified that plaintiff came to a stop in front of her. Although three witnesses corroborated plaintiff’s version, nonetheless, defendant testified in a contrary manner. It is not appropriate for the court to weigh conflicting evidence; rather, that is the function of the trier of fact, in this case, the jury. As in Reed, it was possible for the jurors to find that plaintiff came to an abrupt stop in front of defendant and was contributorily negligent. We conclude that reasonable men might differ in drawing conclusions from the evidence. Thus a directed verdict in *448 favor of plaintiff was not appropriate. We remand this case to the District Court. Additionally, we address the following evidentiary issues for guidance at a subsequent trial.
II
Did the District Court err in excluding certain hearsay evidence?
At trial, counsel for defendant made an offer of proof regarding the admissibility of certain testimony by Mr. Poindexter. The offer of proof was denied. In the offer of proof, defendant asserted that if allowed, Mr. Poindexter would testify that shortly after the accident, he placed a phone call to the attendant at a nearby service station, stating that he had witnessed the accident, and that it was the sole fault of the truck pulling out. Defendant contends that although, this testimony is hearsay, it is admissible pursuant to either Rule 803(1) or 803(2), M.R.Evid., as either a present sense impression or an excited utterance.
The statement at issue was clearly hearsay. Defendant presented no facts in the offer of proof which would place this statement within either the present sense impression or excited utterance exception to the hearsay rule. We conclude that this offer of proof was properly denied. We affirm the District Court on this ruling.
III
Did the District Court err in allowing a police officer to testify as to the cause of the accident?
Officer Oberg, a Billings city police officer, investigated the accident shortly after it occurred. He was not an eyewitness to the accident. At trial he testified that he had investigated several hundred automobile accidents in his 14 years as a police officer. He testified that his investigation of this accident included interviews with the parties involved, and observations of the scene of the accident, the vehicles, and the road conditions. Officer Oberg was then asked to state his opinion as to the cause of the accident. He stated that in his opinion defendant was driving too fast for the road conditions. Defendant objected to this testimony at trial, urging lack of foundation. Defendant also contends the accident was not sufficiently complex to necessitate expert opinion regarding causation.
We do not agree that an officer with years of experience in investigating accidents cannot assist the jury in its determinations. *449 In Foreman v. Minnie (1984), 211 Mont. 441, 689 P.2d 1210, this Court allowed a deputy sheriff to testify as to the cause of an automobile accident. In Foreman we also noted that there was adequate opportunity to cross-examine the officer regarding any facts underlying the expert opinion. For other cases allowing an investigating officer to testify regarding the cause of an automobile accident or vehicular speed, see Goodnough v. State (1982), 199 Mont. 9, 647 P.2d 364; Rude v. Neal (1974), 165 Mont. 520, 530 P.2d 428.
We conclude that Officer Oberg’s testimony could assist the trier of fact on the issue of causation. He had extensive experience in these types of investigations and an adequate foundation was presented for his testimony. Defense counsel cross-examined the officer as to the basis of his opinion. The jury is free to decide the weight to be given this testimony. Goodnough, 647 P.2d at 369.
We affirm the District Court’s ruling on this issue.
IV
Did the District Court err in excluding testimony regarding a traffic citation?
Defendant made an offer of proof during trial, requesting that she be allowed to testify to an' alleged statement made to her by Officer Oberg. The offer of proof stated that if allowed defendant would testify that while issuing her a traffic citation, Officer Oberg told her, “I’m going to issue this to you, but you don’t deserve it, but I have to do it because of my superiors. If I don’t do it, they will make me go out and issue it, and then just cause some additional problems.” Her offer of proof further stated that Officer Oberg told her if she would plead not guilty, he would request that the ticket be dismissed. Defendant contended that although this alleged statement was hearsay, it was admissible to impeach Officer Oberg’s testimony regarding the cause of the accident. The trial court denied this offer of proof.
The offered testimony refers to the issuance of a criminal citation and is inadmissible because it is irrelevant and prejudicial. Further, such testimony has no bearing on the cause of the accident. Smith v. Rorvik (Mont. 1988), [231 Mont. 85,] 751 P.2d 1053, 1056, 45 St.Rep. 451, 455. Additionally, the testimony was hearsay and did not directly impeach Officer Oberg’s former testimony. We conclude that the District Court did not err in denying this offer of proof. We affirm the District Court’s ruling on this issue.
*450 CHIEF JUSTICE TURNAGE and JUSTICES HARRISON and GULBRANDSON concur.