No. 96-086

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

MAXINE RYAN,

Plaintiff and Respondent,

v.

CITY OF BOZEMAN,

Defendant and Appellant.

FILED

NOV 26 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry Moran, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Philip F. Walsh; Walsh & McKenna,
Bozeman, Montana

For Respondent:

Rienne H. McElyea; Berg, Lilly, Andriolo &
Tollefsen, Bozeman, Montana


Submitted on Briefs:   October 17, 1996

Decided:   November 26, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Maxine Ryan (Ryan) filed suit against the City of Bozeman (City) alleging that a City employee negligently drove a City vehicle such that it collided with Ryan's vehicle at the intersection of Cottonwood and Montana Streets. A jury returned a verdict that Ryan and the City were each 50% negligent and found damages in the amount of $37,000. The court granted Ryan's motions for directed verdict and for judgment notwithstanding the verdict (JNOV) on the issue of liability and granted a new trial on the issue of damages. The City appealed from the grant of a new trial (Cause No. 96-086) and filed a petition for writ of supervisory control (Cause No. 96-263) with regard to the grant of a JNOV since the grant of a JNOV is not subject to appeal under Rule 1, M.R.App.P. In its petition for the writ, the City asked that the two issues be combined for purposes of briefing; Ryan did not oppose the motion. Given the posture of this case and in the interests of judicial economy, we granted the writ and ordered that both the granting of the JNOV and the granting of the new trial be combined for briefing in Cause No. 96-086. We reverse and remand for a new trial.

This suit arises out of a collision at the uncontrolled intersection of Montana Street and Cottonwood Street in the City of Bozeman. Lindsey Korell, a summer employee for the City was driving east on Cottonwood in a City-owned pickup truck. She collided with Ryan who was traveling north on Montana and entered

2

the intersection on Korell's right. At the time of the accident, there was a hedge of at least six feet in height on the southwest corner of the intersection. The hedge ran adjacent to Cottonwood Street for approximately 20-30 feet in such a manner that it obstructed the view of both drivers as they entered the intersection. The City vehicle hit Ryan's automobile on the driver's side door and pushed it into a telephone pole. Ryan suffered injuries as a result of the collision.

### Standard of Review

The standard of review in appeals from a judgment notwithstanding the verdict made pursuant to Rule 50(b), M.R.Civ.P., is the same as that for review of a motion for a directed verdict, and a directed verdict may be granted only where it appears as a matter of law that a party could not prevail upon any view of the evidence including the legitimate inferences to be drawn therefrom. Wilkerson v. School District (1985), 216 Mont. 203, 211, 700 P.2d 617, 622. Motions for directed verdict or for a JNOV are proper only when there is a complete absence of any evidence to warrant submission to a jury. Jacques v. Montana Nat. Guard (1982), 199 Mont. 493, 504, 649 P.2d 1319, 1325. The courts will exercise the greatest self-restraint in interfering with the constitutionally mandated processes of jury decision. Unless there is a complete absence of any credible evidence in support of the verdict, a JNOV motion is not properly granted. Barmeyer v. Montana Power Company (1983), 202 Mont. 185, 191, 657 P.2d 594, 597 (overruled on other grounds). Rulings on the admissibility of

3

evidence are within the discretion of the trial court. Cooper v. Rosston (1988), 232 Mont. 186, 189-90, 756 P.2d 1125, 1127. Absent an abuse of discretion this Court will not reverse a district court's rulings on the admissibility of evidence. Glacier National Bank v. Challinor (1992), 253 Mont. 412, 416, 833 P.2d 1046, 1049.

## Discussion

I    Did Ryan properly plead a cause of action for negligence regarding the City's failure to enforce the street vision triangle ordinance?

In granting respondent Ryan's motion for a directed verdict and a JNOV, the court found that the corner lot where the intersection occurred contained a hedge between six and ten feet tall in the street vision triangle. The court reasoned that the City of Bozeman had an affirmative duty to enforce the Bozeman Municipal Code Section 18.50.080, which requires that no hedge obstructions be permitted within the street vision triangle, and that the City's failure to require that the hedge be trimmed was the sole proximate cause of the collision and of Ryan's injuries.

On appeal, the City contends that the trial court erred in allowing Ryan to introduce evidence as to the City's failure to enforce the ordinance and in granting a directed verdict on that basis. It is the City's assertion that the only negligence alleged by Ryan was the negligence of the City employee, Lindsey Korell, who was driving the City vehicle at the time of the accident; that there were no allegations that the drivers' views were obstructed by the hedge or that the City was negligent for failing to require that the hedge be trimmed.

4

A plaintiff must allege a cause of action in a complaint or other pleading with sufficient specificity to apprise a defendant of the nature of the claim. A district court does not have jurisdiction to grant relief outside of the issues presented by the pleadings unless the parties stipulate that other questions be considered or the pleadings are amended to conform to the proof. Old Fashion Baptist Church v. Montana Dep't of Revenue (1983), 206 Mont. 451, 457, 671 P.2d 625, 628. A judgment must be based upon a verdict and must be within the issues presented to the court. Old Fashion Baptist Church, 671 P.2d at 628 (citing National Surety Corp. v. Kruse (1948), 121 Mont. 202, 205-206, 192 P.2d 317, 319).

In reviewing Ryan's complaint, we determine that the City is correct. The only allegation of negligence against the City of Bozeman in the entire complaint is that its employee, Lindsey Korell, "negligently drove a City vehicle into plaintiff's vehicle." The parties also prepared and filed a pre-trial order which superseded the allegations in the complaint. In the pre-trial order, Ryan's "Contentions," in their entirety, are as follows:

> The automobile collision was a result of the negligence of Lindsey Korell in failing to yield the right of way to Maxine Ryan, in driving at a rate of speed that was too fast for the circumstances, and in failing to keep a proper lookout and to take proper evasive steps to avoid the accident. As a result of the negligence of Lindsey Korell and the ensuing collision, Maxine Ryan has sustained serious physical injuries resulting in past and future medical expenses, lost wages and lost earning capacity, pain and suffering, and loss of enjoyment of her established way of life. Because Lindsey Korell was an employee of the City of Bozeman and was acting within the scope of her employment, the City of Bozeman is liable for her negligence.

5

Although the pre-trial order section on "Determination of legal issues in advance of trial" does make mention of a possible motion in limine to be filed by the City as to whether the City of Bozeman could advise the jury that it had no legal responsibility for trimming the hedge, there were no affirmative allegations by Ryan that the hedge obstructed the view or that the City was negligent in failing to require that the hedge be trimmed. In concluding that the City's failure to comply with the ordinance constituted negligence, the court ignored the fact that neither the complaint nor the pre-trial order alleged any negligence by the City related to the height of the hedge. Furthermore, the City objected to the introduction of any evidence related to the height of the hedge for the reason that Ryan had not contended that the height of the hedge was a basis for a claim of negligence. In allowing Ryan to pursue a claim of negligence based upon the height of the hedge, the District Court faulted the City for not following through and filing a motion in limine on that issue. However, as the City contends, it is not a defendant's burden to file motions in limine in order to defeat unpled claims. Rather, the burden is on the plaintiff to adequately plead a cause of action. In Rambur v. Diehl Lumber Co. (1963), 142 Mont. 175, 382 P.2d 552, we adopted the proposition that it is sufficient if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.

> This court agrees that plaintiffs' pleading should be so viewed. Yet a complaint must state something more than facts which, at the most, would breed only a suspicion that plaintiffs have a right to relief.

6

> Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief.

Rambur, 382 P.2d at 554 (citations omitted).

In the present case, Ryan did not plead any facts as to the drivers' views being obstructed nor any facts as to the height of the hedge. Accordingly, her complaint and contentions in the pretrial order did not even "breed a suspicion" that she was entitled to relief on any theory other than that the driver of the City vehicle was negligent in failing to yield the right of way and in exceeding the speed limit.

In McJunkin v. Kaufman & Broad Homes Systems (1987), 229 Mont. 432, 748 P.2d 910, we upheld the trial court's refusal to submit to the jury an unpleaded claim of breach of an express warranty against the seller. While recognizing that amendment to pleadings should be liberally allowed, we held that leave to amend under Rule 15(b), M.R.Civ.P., cannot be granted arbitrarily or perfunctorily. McJunkin, 748 P.2d at 913-14. Noting that McJunkins had two and one-half years to amend their complaint and that the pretrial order specifically stated that the express warranty claim applied only to K & B and not the seller, we held that the court did not abuse its discretion in refusing to submit the issue to the jury. McJunkin, 748 P.2d at 919.

In the present case, the City correctly points out that Ryan did not move to amend her pleading to conform to the evidence under Rule 15(b), M.R.Civ.P. Rule 15(b), M.R.Civ.P., states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be

7

treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Under Rule 15(b), M.R.Civ.P., pleadings can be amended to conform to the evidence when the issues have been tried by express or implied consent of the parties or when there has been a motion made and granted to conform the pleadings to the evidence. Here, neither circumstance pertains. Having objected to the admission of the evidence as to the height of the hedge, it cannot be said that the City impliedly consented to that issue being tried. See Glacier National Bank, 833 P.2d at 1049 (no implied or express consent in light of repeated objections to evidence). Further, Ryan did not request that the pleadings be amended. Rather, the court ruled that the issue had been generally pled; blaming the City for not having narrowed the issues through a motion in limine. Although pleadings are to be liberally construed and amendments liberally allowed, as we stated in Rambur, 382 P.2d at 554, "[l]iberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief."

We conclude that the allegations in the complaint and the pre-trial order were insufficient to state a cause of action for

8

negligence arising out of the height of the hedge or the City's failure to have the hedge trimmed. Accordingly, we hold that the court abused its discretion in admitting evidence as to the height of the hedge and the requirements of Bozeman Municipal Code Section 18.50.080. The court further compounded this error when, based upon that same evidence as to the height of the hedge, it ruled that the City's failure to enforce the City Code was negligence per se and such negligence was the sole cause of Ryan's damages and granted a JNOV and directed verdict against the City on the issue of liability.

> II    Did the trial court err in determining that Ryan was not negligent as a matter of law and that contributory negligence was not applicable under the facts of the case?

In granting the directed verdict and a JNOV, the court held that it had committed err in submitting the question of comparative negligence to the jury. In so ruling, the court stated:

> As a matter of fact, I find that there is no credible evidence that the plaintiff committed any acts of negligence which were [the] proximate cause of the accident in this matter, nor any acts of negligence which contributed in any way to her injuries. . . . I will make a specific finding of no negligence on the part of plaintiff that would justify a comparative negligence disposition of the case either by the Court or the jury, and I order a new trial in this matter on the issue of damages alone.

In the subsequent written order, the court held that, even if there were any negligence by Ryan, such negligence was not a proximate cause of the accident and her damages.

The City contends that the court's determination that Ryan was not negligent is contrary to the evidence. The speed limit on

9

Cottonwood and Montana Streets in Bozeman is 25 m.p.h. Ryan's expert determined that she was going at least 22 m.p.h. at the point of impact. The City's expert concluded that she was traveling between 28 m.p.h. and 37 m.p.h. just before impact. Thus there was testimony before the jury from which it could conclude that Ryan was exceeding the 25 m.p.h. speed limit. Despite this testimony, the court, in effect, held, as a matter of law, that the speed of Ryan's vehicle was totally irrelevant to the question of causation. This conclusion is in error. If she were exceeding the speed limit, then there was credible evidence from which the jury could determine that she was negligent. If she were negligent, it was the jury's prerogative, as fact finder, to determine whether that negligence contributed to her injuries. It was clear error for the court to preempt the jury's determination in that regard.

The court's order granting the directed verdict states that even if Ryan were negligent, her negligence was not a proximate cause of the collision, and, further, contributory negligence is not applicable under the facts of this case. Although it is not apparent what the court meant when it said that contributory negligence was not applicable under the facts, we can only assume that it concluded that Ryan's ordinary negligence (if any) could not be compared with what the court determined was the City's negligence per se for violating the City Ordinance. Such a conclusion is without support. Since Ryan had not pled a cause of action with regard to the hedge, there was no basis for the court's finding that the City was negligent per se. Even assuming,

10

arguendo, that the City violated the ordinance, violation of an ordinance or traffic statute does not preclude comparison of such negligence with the ordinary negligence of the plaintiff. In Hart-Anderson v. Hauck (1989), 239 Mont. 444, 781 P.2d 1116, the trial court granted the plaintiff's motion for a directed verdict in an intersection collision in which the defendant had rear ended the plaintiff. On appeal, the defendant argued that, regardless of whether she was guilty of negligence per se for following too closely in violation of § 61-8-329, MCA, she was entitled to have the jury consider her claim that plaintiff was contributorily negligent in stopping in front of her. Hart-Anderson, 781 P.2d at 1117. Relying on our decision in Reed v. Little (1984), 209 Mont. 199, 206, 680 P.2d 937, 940, we held that the conflicting evidence as to whether plaintiff stopped in front of the defendant supported a claim of contributory negligence. In light of this conflicting evidence, we stated:

> It is not appropriate for the court to weigh conflicting evidence; rather, that is the function of the trier of fact, in this case, the jury. As in *Reed*, it was possible for the jurors to find that plaintiff came to an abrupt stop in front of defendant and was contributorily negligent. We conclude that reasonable men might differ in drawing conclusions from the evidence. Thus a directed verdict in favor of plaintiff was not appropriate. We remand this case to the District Court. . . .

Hart-Anderson, 781 P.2d at 1118.

As in Hart-Anderson, there was testimony before the jury from which it could determine that Ryan was contributorily negligent. Regardless of whether the trial judge found the evidence credible or not, it was the jury's prerogative to weigh that evidence.

11

For the above reasons, we conclude that the court abused its discretion in allowing the issue of the City's alleged negligence in failing to enforce the street vision ordinance to go to the jury and in granting the directed verdict and judgment notwithstanding the verdict. We reverse and remand for a new trial on both liability and damages.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

12

November 26, 1996

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Phlip F. Walsh, Esq.
Walsh & McKenna
P.O. Box 6400
Bozeman, MT 59711-6400

Rienne H. McElyea
Berg, Lilly, Andriolo & Tollefsen
910 Technology Blvd., Suite A
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy