No. 98-211

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 339N

DON ORWICK,

Plaintiff and Appellant,

v.

CHRIS ORWICK,

Defendant and Respondent.

APPEAL FROM: District Court of the Seventh Judicial District,

In and for the County of Dawson,

The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Marvin L. Howe, Simonton, Howe & Schneider, Glendive, Montana

For Respondent:

Kevin J. Chapman, Winkjer, McKennett, Stenehjem, Reierson & Forsberg, Williston, North Dakota

Submitted on Briefs: August 13, 1998

Decided: December 30, 1998

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases.**

**¶2. Plaintiff Don Orwick (Don) filed suit against his nephew Chris Orwick (Chris) to recover damages to his airplane which resulted during a crash in which Chris was the pilot. The District Court dismissed the complaint, because his claim for negligence was time-barred, and his breach of contract claim failed to set forth the prima facie requirements for contract formation. However, the court allowed Don to file an amended complaint to allege an actionable contract claim. Don amended his complaint to allege that he had told Chris that if he did not agree to pay for the damages to the airplane, he would have to contact an attorney to initiate legal proceedings against him, and that Chris had therefore promised to pay. Subsequently, after Don filed his amended complaint, the court granted Chris' motion for summary judgment. It held that the parties did not have a contract, because there was no consideration. Additionally, the court refused to address Don's contract theories based upon reliance and promissory estoppel, because those claims were not set forth in the amended complaint. Don now appeals. We affirm.**

**¶3. Don argues that the District Court erred in finding that there was no consideration given in exchange for Chris' promise to pay for the damages to the aircraft. He cites Ragland v. Sheehan (1993), 256 Mont. 322, 846 P.2d 1000, Rudio v. Yellowstone Merchandising Corp. (1982), 200 Mont. 537, 652 P.2d 1163, and Rickett v. Doze (1979), 184 Mont. 456, 603 P.2d 679, and argues that his agreement to refrain from initiating legal proceedings against Chris constitutes sufficient consideration for Chris' promise to pay the damages.**

**¶4. It is well-settled that the relinquishment of a legal right is sufficient consideration to support a contract. <u>Rudio</u>, 200 Mont. at 543-44, 652 P.2d at 1167. But there first**

must be an agreement to relinquish that right. In this case, Don has produced no material fact establishing that he agreed to relinquish his legal rights against Chris in exchange for Chris' promise to pay for damages to the airplane. Although he alleges in his complaint that he threatened to file suit if Chris did not pay, his deposition testimony demonstrates that he never actually informed Chris that he would initiate legal proceedings if Chris did not promise to pay for the damages. Indeed, in an affidavit filed in opposition to the motion for summary judgment, Don admits that he "did not threaten to do anything to Cris [sic] Orwick or to bring legal action against him if he did not pay for the damages to [the] airplane. . . ." Although Don contends that the threat to take legal action was "impliedly understood" by Chris, this is insufficient. It does not constitute objective proof that the parties entered a mutual agreement involving a promise to pay for damages in exchange for a forbearance of a legal right.

¶5. Don next contends that the District Court erred when it refused to consider his contract theories based upon reliance and promissory estoppel. He points to the allegations of his amended complaint wherein he alleged the following:

6. In December of 1995, . . . Defendant again indicated, at that time, that he would pay for repairs already made on the airplane, as well as future repairs to the airplane. However, the Defendant requested that before he began making payments for repairs and damages to Plaintiff's airplane, that Plaintiff first bring over a list of damages and repairs to the Defendant. In exchange for this promise, Plaintiff did further repairs to the airplane. Later, Plaintiff took a list of repairs and damages concerning the airplane to Defendant's residence in North Dakota.

¶6. It is the plaintiff's duty to allege a cause of action with sufficient specificity to apprise a defendant of the nature of the claim. Ryan v. City of Bozeman (1996), 279 Mont. 507, 511, 512, 928 P.2d 228, 230, 231. Although this Court construes a complaint liberally, "a complaint must state something more than facts which, at the most, would breed only a suspicion that plaintiffs have a right to relief." Ryan, 279 Mont. at 512, 928 P.2d 231 (citing Rambur v. Diehl Lumber Co. (1963), 142 Mont. 175, 179, 382 P.2d 552, 554).

¶7. In this case, Don did not sufficiently apprise Chris that he was bringing a claim based upon reliance or promissory estoppel. The complaint references neither those claims nor the elements of those claims. Moreover, according to the allegations of the

complaint, Don had made many repairs prior to the conversation in December 1995 wherein Chris allegedly promised to pay damages. In sum, we hold that Don failed to give Chris adequate notice that he was pursuing a claim against him based upon the theories of reliance and promissory estoppel.

**¶8. Affirmed.**

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART