No. 86-183

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

EDGAR NEIL WEIGAND, and
TOMMY EILEEN WEIGAND,

      Plaintiffs and Appellants,

  -vs-

MONTANA LAND AND REAL ESTATE
INVESTMENTS, INC.,

      Defendants and Respondents.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Blaine,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Patrick F. Flaherty, Great Falls, Montana

    For Respondents:

        K. Dale Schwanke; Jardine, Stephenson, Blewett and
Weaver, Great Falls, Montana

Submitted on Briefs: July 17, 1986

Decided: September 8, 1986

Filed: SEP 8 - 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Edgar Neil Weigand and Tommy Eileen Weigand (Weigands) appeal the February 6, 1986, order of the Seventeenth Judicial District Court dismissing the complaint they had filed against Montana Land and Real Estate Investments, Inc. (Montana Land). We affirm the dismissal of the complaint.

Weigands, with the help of a real estate agent employed by Montana Land, offered to purchase the David Jenkins home in Chinook, Montana. Weigands signed an Earnest Money Receipt and Agreement to Sell and Purchase. The earnest money provided was $1.00. The Agreement stated that "[i]f the Seller does not approve this sale within five days of [June 7, 1985] . . . the unexpended earnest money shall be returned to the Purchaser on demand and all rights of Purchaser terminated . . . ." The sellers never signed the Agreement. The earnest money was returned on July 11, 1985, after sellers had acquired another prospective buyer.

Weigands filed a complaint against Montana Land alleging breach of contract, bad faith and negligent misrepresentation. Montana Land sought to have the complaint dismissed for failure to state a claim upon which relief could be granted. Thereafter, Weigands filed a motion to amend the complaint. The amended complaint would have named as additional defendants, David and Eileen Jenkins, owners of the David Jenkins home. The allegations in the amended complaint remained the same as those in the original.

Following the filing of numerous briefs and the hearing of oral argument via a telephone conference call, the trial judge found that the sellers (Jenkins) had never accepted Weigands' offer to purchase. Therefore, no contract existed.

2

Weigands' motion to amend was denied. Montana Land's motion to dismiss was granted.

On appeal, Weigands raise the following issues:

1. Is the Earnest Money Receipt and Agreement to Sell and Purchase a legally enforceable contract?

2. Do Weigands have a cause of action against Montana Land for breach of the implied covenant of good faith and fair dealing?

3. Do Weigands have a cause of action against Montana Land for the tort of negligent misrepresentation?

The Earnest Money Receipt and Agreement to Sell and Purchase is not a legally enforceable contract because sellers failed to sign it. Section 28-2-102, MCA, states:

> Essential elements of a contract. It is essential to the existence of a contract that there be:
>
> (1) identifiable parties capable of contracting;
> (2) their consent;
> (3) a lawful object; and
> (4) a sufficient cause or consideration.

Consent of all the parties is lacking. Had sellers consented to the Agreement, they needed only to sign it. They did not. There is nothing in the record to show they consented to the Agreement.

The record is devoid of any evidence that Weigands' offer reflected the price at which sellers had listed their property. There is no evidence that Weigands' offer was in fact an acceptance of an offer to sell the property for a certain price. The Agreement was merely an offer by Weigands to purchase the David Jenkins home for $45,000. The offer was never accepted by the sellers. There was no contract.

Weigands contend Montana Land breached a covenant to act fairly and in good faith. There is no evidence that Montana Land engaged in conduct which could give rise to the action. The duty owed Weigands by Montana Land was to present

3

Weigands' offer to sellers. The complaint contains no allegation that the duty was not performed. There simply is no factual basis in this record to support appellants' claim.

Finally, negligent misrepresentation requires the supplying of false information for the guidance of others in their business transactions. State Bank of Townsend v. Maryann's, Inc. (Mont. 1983), 664 P.2d 295, 40 St.Rep. 637. Again, the complaint contains no specific allegation that Montana Land provided Weigands false information with respect to their offer. The complaint merely alleges, in very broad terms, that negligent misrepresentation occurred. This is insufficient. Rule 8(a), M.R.Civ.P. Rambur v. Diehl Lumber Co. (1963), 142 Mont. 175, 382 P.2d 552.

The Earnest Money Receipt and Agreement to Sell and Purchase is an offer to purchase certain property. The offer was not accepted. To find the offer to be a contract would be contrary to black-letter contract law and would wreck havoc on the real estate business. The complaint contains no specific factual allegations of breach of the covenant to act fairly and in good faith or of negligent misrepresentation by Montana Land's employee. The order dismissing the complaint is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4