No. 85-535

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

DELBERT E. HOSTETTER,

        Plaintiff and Respondent,

   -vs-

BEN DONLAN,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eighteenth Judicial District,
        In and for the County of Gallatin,
        The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        J. David Penwell, Bozeman, Montana

     For Respondent:

        McKinley Anderson, Bozeman, Montana

_____

Submitted on Briefs: March 6, 1986

Decided: June 4, 1986

Filed: JUN 4 - 1986

_Ethel M. Harrison_
             Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendant Donlan appeals the judgment of the District Court, Eighteenth Judicial District, Gallatin County ordering that he pay damages resulting from his termination of a contract he had entered with plaintiff and respondent.

Appellant presents these issues for review:

1. Did the District Court err in finding that appellant breached the contract?

2. Did the District Court err by allowing the plaintiff to recover under both theories of contract and restitution?

3. Did the District Court err in allowing respondent to recover lost profits?

4. Did the District Court err in computing the amount of set off appellant was due on his counterclaim?

We find no error and affirm the judgment of the District Court.

On July 15, 1981 the parties contracted for Hostetter to build for Donlan a loafing barn for Donlan's dairy cattle. A few days earlier Hostetter had also entered a contract with Donlan's son-in-law for the construction of a home on property given by Donlan to his son-in-law. In early August the parties agreed Hostetter should give highest priority to the house construction. From then on, Hostetter worked on the house. During the first week of September a disagreement arose between the parties over the pace of construction. Hostetter ceased work on the projects for eleven days of the first two weeks of September. On September 12 or 13, Donlan visited Hostetter's home and terminated the contract to build the barn. During the following week Donlan, through his

attorney informed Hostetter that the contract to build the house was also terminated. Hostetter conferred with Donlan's son-in-law and was told to continue work on the house. After failing in efforts to settle the matter, Hostetter brought suit.

As his first issue, Donlan contends there is no finding of the District Court to support the award of damages for breach of contract. It is his position that Hostetter breached and he should be able to recover his costs in completing the barn. However, in paragraph 11 of the court's Findings of Fact and Conclusions of Law the court stated:

> That on or about (September 12 or 13,) the Defendant terminated the contract between himself and the Plaintiff for construction of the loafing barn . . .

Donlan argues this does not amount to a finding that he breached the contract. We cannot agree. By terminating the contract Donlan failed to keep up his end of the bargain. And as Justice Holmes has put it, "The duty to keep a contract at common law means a prediction that you must pay damages if you do not keep it . . ." Holmes, The Path of the Law, 10 Harv. L.Rev. 457, 462 (1897).

Secondly, Donlan argues that the District Court awarded damages on both theories of breach of contract and rescission which he argues are mutually exclusive remedies. The District Court awarded damages of: $2,200 as the cost of work performed minus the amount already paid by Donlan; $1,700 for loss of profit on the loafing shed; and $500 for the interest charge Hostetter was forced to pay on money he borrowed as a result of Donlan's refusal to pay for the construction completed. Initially, we must note that restitution under a theory of rescission can, under some

circumstances, be a remedy for breach of contract. See Burnham, Contract Damages in Montana Part II: Reliance and Restitution, 45 M.L.R. 1, 20-36 (1984). However as Hostetter points out, it is clear from the complaint and the judgment in this case that the recovery was in damages for breach of contract. As such they were properly computed.

The proper measure of damages for breach of contract "is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom." Section 27-1-311, MCA. Damages are recoverable if they are forseeable at the time of contracting. Zook Bros. Construction Co. v. State (1976), 171 Mont. 64, 73, 556 P.2d 911, 916. Certainly the amount expended by Hostetter in materials was a foreseeable loss. Furthermore loss of profit "where it is shown that such loss is the natural and direct result of the act of the defendant" is a foreseeable consequence of breach. Cruse v. Clawson (1960), 137 Mont. 439 , 448, 352 P.2d 989, 994, cited in Zook Bros. (1976), 171 Mont. 64, 76, 556 P.2d 911, 917.

Next, Donlan contends the award of damages for loss of profit is unsupportable because of the speculative nature of such damages. Loss of future profit is often speculative. Zook Bros. Construction Co. v. State (1976), 171 Mont. 64, 556 P.2d 911. That is because of the tenuous causal connection between the breach and injury. However where injury caused by the breach is certain, damages for lost profits may be awarded even though the amount of damage is uncertain. Stensvad v. Miners and Merchants Bank of Roundup (Mont. 1982), 640 P.2d 1303, 1310, 39 St.Rep. 27, 35-36.

> Once liability is shown, that is the certainty that damages are caused by the breach, then loss of profits on a reasonable basis for computation and the best evidence available under the circumstances will support a reasonably close estimate of the loss by a District Court. (Citations omitted.)

Stensvad (1982), 640 P.2d 1303, 1310, 39 St.Rep. at 36. In the instant case the District Court concluded that Hostetter lost his profit on the barn because Donlan breached. The court awarded Hostetter 20% of his costs of construction as a reasonable profit, although Hostetter's own computations would have amounted to nearly 50% of costs. This reasonable award meets the requirements of Stensvad.

Finally, Donlan argues that the court erred in valuing haying performed by Donlan for Hostetter, but for which Hostetter had not paid. Donlan's testimony valued the haying of five acres, once in 1980, and once in 1981, at $600 per year. Hostetter's testimony placed a value of $150 per year. Because the contract was oral, the court "split the difference" and awarded $450 per year, or $900 as a set off to Hostetter's recovery. This "compromise," as the District Court called it, is well in line with contract principles. "While [formulas] serve as useful guides, the final answer [in determining damages] rests in good sense rather than mechanical application of such formulas." Spackman v. Ralph M. Parsons Co. (1966), 147 Mont. 500, 506, 414 P.2d 918, 922.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

- 5 -

_____
Chief Justice

_____

_____

_____
Justices