JUSTICE GRAY
delivered the Opinion of the Court.
Edward L. Olson appeals from a judgment of the District Court of the Eighth Judicial District, Cascade County, Montana, denying his motion for summary judgment on the issue of liability and granting Parchen’s motion to exclude evidence of certain economic damages suffered in an automobile collision. Olson also appeals from the jury verdict finding him contributorily negligent. We affirm in part and reverse in part.
*344 Olson presents the following issues:
1. Did the District Court err in denying Olson’s motion for summary judgment on the issue of liability?
2. Did the District Court abuse its discretion by allowing the issue of contributory negligence to be submitted to the jury?
3. Did the District Court properly refuse to permit Olson to present evidence at trial of economic damages relating to loss of rental income and loss of profits from the sales of rental property?
On November 14, 1985, at approximately 4:15 p.m., vehicles operated by Edward L. Olson and Jacob A. Parchen collided at the intersection of First Avenue South and 18th Street in Great Falls, Montana. Olson was proceeding south on 18th Street as he approached the intersection, and Parchen was proceeding east on First Avenue South. Parchen failed to heed the yield right of way sign, and his 1977 GMC pickup truck collided with Olson’s 1964 Chevrolet Corvair on the passenger side. Both drivers stated that they were traveling at fifteen miles per horn.
Olson testified that a few moments prior to the collision he observed Parchen’s vehicle approaching from the right, but thought that Parchen was going to stop. Olson looked to the left for traffic. When he glanced back to the right and realized that Parchen’s pickup truck was not going to stop, Olson attempted to brake and turn to the left to avoid a collision, but was unsuccessful.
Parchen said that he did not see Olson’s car until it had entered the intersection moments before the collision. He applied his brakes, but his pickup truck skidded. Parchen also theorized that Olson had been blinded by the setting sun and didn’t see him approaching the intersection. Parchen asserted that Olson did not properly watch for traffic and should have been traveling slowly enough to stop.
The collision extensively damaged the right side of Olson’s Corvair. Olson suffered a bruise over the right collar bone, broken upper dentures, a bruise on the right side of the scalp, and a deep bruise over the outside of his right foot. Olson also claimed economic losses resulting from his alleged inability to complete rental property renovations because of physical injuries sustained in the collision.
Olson moved for partial summary judgment on the issue of liability. The District Court denied that motion, as well as Olson’s subsequent motions for a directed verdict at the close of the evidence and for judgment notwithstanding the verdict. The District Court *345 granted Parchen’s motion in limine to exclude economic damages for losses associated with Olson’s rental property from the jury’s consideration. The District Court denied Olson’s motion for a new trial to consider economic damages.
The jury found that Parchen was eighty per cent negligent and had proximately caused Olson’s damages and injuries. Two thousand dollars in damages were awarded, of which Olson received $1,600.
I.
Did the District Court err in denying Olson’s motion for summary judgment on the issue of liability?
Olson claims that partial summary judgment should have been granted as a matter of law.
When approaching a “yield” sign, the following rule applies:
“[T]he driver of a vehicle approaching the “Yield’ sign shall slow to a speed of not more than 15 miles per hour and yield right-of-way to all vehicles approaching from the right or left on the intersecting roads or streets which are so close as to constitute an immediate hazard. If a driver is involved in a collision at an intersection or interferes with the movement of other vehicles after driving past a “Yield’ sign, such collision or interference shall be deemed evidence of the driver’s failure to yield right-of-way.”
Section 61-8-342, MCA. A driver’s failure to yield the right-of-way is both a “statutorily recognized duty and breach of that duty.” DeVerniero v. Eby (1972), 159 Mont. 146, 151, 496 P.2d 290, 292.
Parchen admitted that he failed to yield the right-of-way to Olson’s vehicle, but argued that he was unable to stop because his vehicle skidded. Parchen also conjectured that Olson may have been unable to see Parchen’s pickup truck because he was blinded by the sun. This argument is irrelevant because Parchen, not Olson, had a duty to yield. In addition, the skidding of Parchen’s vehicle is not a defense; it suggests only that Parchen may have been driving too fast for conditions. As a matter of law, Parchen was negligent under § 61-8-342, MCA.
Nonetheless, Parchen maintains that the District Court properly denied Olson partial summary judgment according to our holding in Reed v. Little (1984), 209 Mont. 199, 680 P.2d 937. He contends that Reed requires the issue of liability to be submitted to the jury if the defense of contributory negligence is asserted in a traffic violation case.
*346 The facts of this case can be distinguished from the facts forming the basis for our holding in Reed. In Reed, the defendant ran into the plaintiff’s car when the plaintiff allegedly made a sudden stop in heavy traffic for no apparent reason. The plaintiff denied the sudden stop. Questions of fact regarding the speed and distances of the vehicles remained for the jury’s determination. Reed, 209 Mont. at 206, 680 P.2d at 940-41. As explained in our discussion below, under the facts of this case Olson could not be found contributorily negligent.
Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; First Security Bank of Bozeman v. Jones (1990), 243 Mont. 301, 303, 794 P.2d 679, 681. Since Parchen was negligent as a matter of law, the court erred by denying partial summary judgment to Olson.
II.
Did the District Court abuse its discretion by allowing the issue of contributory negligence to be submitted to the jury?
Before the question of contributory negligence can be submitted to the jury, evidence must be presented not only showing plaintiff’s negligence, but demonstrating that such negligence proximately caused the accident and resulting injuries. Stephens v. Brown (1972), 160 Mont. 453, 457-58, 503 P.2d 667, 669. No such factual evidence showing contributory negligence existed in this case.
Parchen argues that Olson violated the “basic rule” of § 61-8-303, MCA, by not properly watching for Parchen’s vehicle at the intersection. Section 61-8-303 is entitled “Speed restrictions — basic rule” and provides in part that a driver shall drive “in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions....” According to the evidence, at the time of the collision Olson was traveling in a safe manner well below the speed limit.
In DeVerniero, the defendant alleged that because plaintiff did not properly watch for the other vehicle, he was contributorily negligent. We held that even though the plaintiff may have failed to look, his failure to observe defendant approaching was not the proximate cause of the accident:
“ ‘Had plaintiff looked it would not have affected defendant’s driving or speed. Defendant testified that he never saw plaintiff *347 till defendant was within 100 feet of the intersection. Unless plaintiff had been able to cast some hypnotic spell over defendant his looking earlier would have had no effect on the collision.’ ”
DeVerniero, 159 Mont. at 154, 496 P.2d at 294 (quoting Bates v. Burns (1955), 3 Utah 2d 180, 281 P.2d 209, 213). The proximate cause of the collision was defendant’s breach of his duty to yield right-of-way. Plaintiff could not be contributorily negligent when his actions were not the proximate cause of the accident. DeVerniero, 159 Mont. at 154, 496 P.2d at 294.
The case before us is even clearer than DeVerniero on the issue of contributory negligence because Olson did not violate the basic rule. Parchen, on the other hand, did breach the basic rule by fading to watch for traffic and by failing to drive at a speed allowing him to stop his vehicle in time to avoid the collision. According to Parchen, he did not see Olson’s car in the intersection until moments before the collision. Olson said that he saw Parchen’s pickup truck, but thought Parchen was going to stop and looked away momentarily. A driver of a vehicle traveling on a street protected by a ‘yield’ sign has a right to rely upon the compliance of the driver of a vehicle which must yield with the yield right-of-way statutes. Olson cannot be contributorily negligent because his alleged failure to see Parchen’s vehicle entering the intersection was not the proximate cause of the collision.
Since the question of contributory negligence should not have been submitted to the jury, we reverse the jury’s finding that Olson was twenty per cent negligent and remand to the District Court for entry of judgment accordingly.
III.
Did the District Court properly refuse to permit Olson to present evidence at trial of economic damages relating to loss of rental income and loss of profits from the sales of rental property?
Olson asserts that the District Court abused its discretion in refusing to admit evidence of certain economic losses on the ground that they were speculative. Tort damages are allowed “for all the detriment proximately caused” by the breach “whether [the detriment] could have been anticipated or not.” Section 27-1-317, MCA. Although damages need not be proved with precision, damages which are a matter of mere speculation cannot be the basis of recovery. *348 Bottrell v. American Bank (1989), 237 Mont. 1, 22-23, 773 P.2d 694, 707-708.
Thus, damages for lost profits may be awarded if such loss is shown to be the “natural and direct result of the act of the defendant” and if the loss is not speculative. Hostetter v. Donlan (1986), 221 Mont. 380, 382, 719 P.2d 1243, 1245 (citing Cruse v. Clawson (1960), 137 Mont. 439, 448, 352 P.2d 989, 994). The prohibition against speculative profits does not necessarily apply to uncertainty about the amount of such profits, but applies to uncertainty about “whether the loss of profits is the result of the wrong and whether such profit would have been derived at all.” Stensvad v. Miners and Merchants Bank of Roundup (1982), 196 Mont. 193, 206, 640 P.2d 1303, 1310, cert. denied, 459 U.S. 831, 103 S.Ct. 69, 74 L.Ed.2d 69; Hostetter, 221 Mont. at 382- 83, 719 P.2d at 1245.
Olson did not complete renovations on two rental buildings; they remained unoccupied for two years until he sold the properties. Olson maintained that alleged losses of rental income and alleged losses suffered when the rental properties were sold were attributable to his physical inability, caused by injuries suffered in the collision, to complete renovation of the properties. Less than two per cent of the necessary renovations to the rental properties were finished prior to the collision in which Olson was injured. During part of the time that the rental properties sat empty, Olson worked for Boeing company as an electrician.
All of the theories underlying Olson’s damage claims for loss of rents and profits are speculative. Olson could show only that he intended to restore the properties, that he might have been able to rent the restored properties, and that he might have garnered greater profits on the sale of the restored rental properties. We agree with the District Court that a question arises in Olson’s case about “whether such profit would have been derived at all” and that the profits Olson claimed he would have made are speculative.
Questions of admissibility of evidence are left largely to the discretion of the trial court. Zugg v. Ramage (1989), 239 Mont. 292, 296, 779 P.2d 913, 916. The District Court did not abuse its discretion in excluding evidence of lost profits as speculative.
The District Court shall enter judgment for the plaintiff in the total amount of $2,000, and the judgment is otherwise affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES McDONOUGH and WEBER concur.