JUSTICE HARRISON
dissenting.
I dissent. On the four issues presented by the appellant on appeal, I would find as to Issue 1 that there was not substantial evidence to *46 support the jury’s verdict; as to Issue 2, that the defendant was entitled to a judgment as a matter of law, based on our decision in Olson v. Parchen (1991), 249 Mont. 342, 816 P.2d 423; as to Issue 3, that the defendant is entitled to a new trial because the District Court gave the jury an erroneous instruction; and as to Issue 4, that the defendant is entitled to a new trial based on improper closing arguments by the plaintiff’s attorney.
As to Issue 1, which I think is clearly the deciding issue in this matter, the fact that the eight-year-old plaintiff came out of an alley on his bicycle, not under control, and swung into a lane of traffic where the defendant was legally driving his automobile, absolves the defendant of liability. The defendant was in no way found to be negligent by the officers who investigated this accident. Evidence introduced by the plaintiff that the defendant had only recently received his driver’s license had absolutely nothing to do with the cause of this accident.
This accident was observed by an off-duty police officer who was a passenger in a vehicle proceeding east along a street parallel to the alley and about half a block from the intersection of the alley and the street where the accident occurred. He saw the plaintiff come out of the alley, and observing that the bicycle appeared to be out of control, he concluded that an accident was about to occur. Officers responding to the accident were immediately at the scene. They took statements from everyone involved and produced not one iota of evidence that shows in any way that the defendant driver was negligent.
The fact that an accident occurred does not raise an inference of negligence, nor is it evidence of failure to keep a proper lookout, if, indeed, that is what happened in this case. Wilson v. Doe (1987), 228 Mont. 42, 740 P.2d 687.
Numerous times this Court has recognized that it is not negligence to fail to anticipate that an approaching vehicle with an obligation to yield will disregard all traffic laws and common sense and dash out into the path of a driver lawfully and carefully proceeding in his proper lane of travel. This is what I believe Olson stands for. See also Yates v. Hedges (1978), 178 Mont. 488, 585 P.2d 1290, and Slagsvold v. Johnson (1975), 168 Mont. 490, 544 P.2d 442. “It is not negligence to fail to anticipate injury which can come about only as a result of the negligence of another.” Green v. Hagele (1979), 182 Mont. 155, 158, 595 P.2d 1159, 1161. Here, the jury was so instructed but obviously did not follow that instruction.
*47 As to Issue 2, my careful reading of the transcript in this case convinces me that no evidence was produced showing that an act or omission on the part of the defendant was the proximate cause of the accident or of the plaintiffs injuries. Therefore I would hold that under Olson, the District Court erred in not granting the defendant summary judgment, a directed verdict or judgment notwithstanding the verdict.
With regard to the third and fourth issues, I am troubled by the District Court’s reading of an improper instruction that may well have misled the jury and deprived the defendant of a fair trial, even though the instruction was withdrawn. Withdrawing the instruction at least called for a warning on the part of the District Court. I note that the error was called to the judge’s attention.
It is obvious to me that the instruction was intended to allow the plaintiff to avoid the effect of his negligence per se. In addition, even though the instruction had been withdrawn, the prejudice of the original error was magnified when the plaintiff’s counsel, in his closing argument, encouraged the jury to ignore the plaintiff’s negligence. It is my belief that this, in itself, warranted granting a new trial.
I would reverse and remand to the District Court for a new trial.