No. 89-420

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

LINDA TREUTEL and TERRY TREUTEL,

       Plaintiffs and Appellants,

   -vs-

FRANCES JACOBS,

       Defendant and Respondent.

'89 DEC 28 PM 1 06

ED SMITH, CLERK
MONTANA SUPREME COURT
FILED

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kim L. Ritter; Milodragovich, Dale & Dye, Missoula,
Montana

    For Respondent:

        Shelton C. Williams; Williams Law Firm, Missoula,
Montana

Submitted on Briefs: Nov. 21, 1989

Decided: December 28, 1989

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Linda and Terry Treutel, plaintiffs and appellants, appeal from a summary judgment entered by the District Court of the Fourth Judicial District, Ravalli County, in favor of Frances Jacobs, defendant and respondent. We affirm.

The sole issue raised on appeal is whether the District Court properly granted defendant's motion for summary judgment based on plaintiff's failure to state a claim on a legally recognizable theory upon which relief could be granted.

In 1987, Linda Treutel and her family resided on property in Ravalli County held in trust. The property was formerly owed by Treutel's parents. The beneficiaries of the trust were Linda, her two siblings and her mother, Frances Jacobs. Mr. Jacobs, as trustee, procured a comprehensive personal liability insurance policy issued by Farmers Insurance Group on the property which remained in effect from April 3, 1987 to April 3, 1988.

On April 5, 1987, Linda and her husband were repairing a fence on the property with a pair of pliers. A piece of metal chipped off the pliers injuring Linda's right eye. At the time of the accident, Jacobs was living in Alaska and was unaware that the fence was broken or that the Treutels intended to fix it.

Linda submitted a claim to Farmers for her medical expenses and lost income. Farmers paid out $7,024.30 on her claim. Linda's attorney contacted Farmers' claims adjuster, Gougler, who informed the attorney that coverage existed for the accident. Gougler then sent Linda's attorney a memo confirming the conversation and stating, "We will look

forward to discussing settlement possibilities at your earliest convenience."

Settlement negotiations subsequently failed, and on October 22, 1988, Linda filed a complaint alleging injury as a result of the accident that occurred on the trust property. The Treutels alleged damages for Linda's future medical expenses, pain and suffering, loss of customary way of life, cost of suit and other relief deemed just and proper and for Terry's loss of consortium. The complaint did not allege negligence nor wrongdoing on the part of Jacobs.

Linda filed a motion for partial summary judgment on February 24, 1989. Jacobs then filed a brief in opposition to plaintiff's motion for summary judgment and a motion for summary judgment on March 20, 1989. A hearing on the motions was held on June 7, 1989. On June 19, 1989, the District Court entered its order and judgment denying Linda's motion and granting Jacobs' motion. From the order, Linda appeals.

The court granted Jacobs' motion for summary judgment based on its finding that Linda failed to state a legally recognizable claim upon which relief could be granted. Rule 8(a), M.R.Civ.P., provides in part:

> A pleading which sets forth a claim for relief, . . . shall contain (1) a short and plain statement of the claim showing that the <u>pleader</u> <u>is</u> <u>entitled</u> <u>to</u> <u>relief</u>; and (2) a demand for judgment for the relief to which he deems himself entitled. (Emphasis added.)

While Linda's complaint sets forth the facts pertaining to the day of the accident and demands relief therefore, it does <u>not</u> allege that Jacobs was negligent in any manner nor does it allege that Jacobs breached any legal duty owed to Linda. While this Court has long recognized that a complaint is to be construed in the light most favorable to the plaintiff, Fraunhofer v. Price (1979), 182 Mont. 7, 594 P.2d

324, we cannot say that Linda's complaint, even when viewed favorably to her position, set forth a claim upon which relief can be granted. As we stated in Rambur v. Diehl Lumber Co. (1963), 142 Mont. 175, 179, 382 P.2d 552, 554:

> . . . a complaint must state something more than facts which, at most, would breed only a suspicion that plaintiffs have a right to relief. Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief.

Jacobs' policy reads in pertinent part:

> We shall pay all damages from an occurrence which an insured is legally liable to pay because of bodily injury or property damage covered by this policy. (Emphasis added.)

Here, Linda does not claim that Jacobs breached any legal duty owed to her nor was negligent in any manner. Thus, under the terms of the policy, Jacobs is not legally liable for her accident. Jacobs' insurance company is under no obligation to pay for that which she, herself, is not liable.

Nonetheless, Linda claims that Farmers, through its adjuster, Gougler, admitted liability and are now bond by the admission. While it is true that during a telephone conversation, Gougler told Linda's attorney that Linda's accident was covered and then sent a memo confirming the conversation, the statement and memo were not admissible as evidence to prove liability.

It is clear from the language of the memo that the statements were made as part of a settlement negotiation process. It read in part, "We will look forward to discussing settlement possibilities at your earliest convenience." (Emphasis added.) Rule 408, M.R.Evid., provides in that, "Evidence of conduct or statements made in

compromise negotiations is . . . not admissible." Further, under § 33-15-504(3), MCA, an insurer does not waive policy provisions nor defenses by engaging in settlement negotiations.

As evidence, the statement and memo are inadmissible as a matter of law. As we stated in Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509, a party moving for summary judgment must prove that he is entitled to summary judgment as a matter of law by demonstrating an absence of any genuine issue of material fact. Discarding the inadmissible evidence, there remains no genuine issue of material fact in this case. The District Court properly granted Jacobs' summary judgment.

Affirmed.

_____
                                    Justice

We Concur:

_____

_____

_____

_____
              Justices