No. 91-318

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

ROBERTA KENYON,

       Plaintiff and Appellant,

   -vs-

STILLWATER COUNTY, MONTANA,
a political subdivision organized
and existing under the laws of the
State of Montana, and C. ED LAWS,

       Defendants and Respondents.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Stillwater,
               The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Rosemary C. Boschert, Boschert Law Firm, Billings,
            Montana

       For Respondents:

            Stephen J. Lehman, Crowley, Haughey, Hanson, Toole
            & Dietrich, Billings, Montana

Submitted on Briefs:  November 7, 1991

Decided:  August 6, 1992

_____
              Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Roberta Kenyon appeals the Thirteenth Judicial District Court's grant of summary judgment to respondents on her claims of age discrimination, wrongful discharge and breach of the covenant of good faith and fair dealing. We affirm in part, reverse in part, and remand.

The issues on appeal are:

1. Did the District Court err in granting summary judgment to C. Ed Laws individually on the wrongful discharge claim?

2 Did the District Court err in granting summary judgment on the age discrimination claim?

3. Did the District Court err in considering whether Kenyon's termination was for good cause?

4. Did the District Court err in granting summary judgment on Kenyon's wrongful discharge claim?

5. Did the District Court err in determining that respondents were not immune pursuant to § 2-9-111, MCA?

### Factual and Procedural Background

Roberta Kenyon was employed as a secretary by the law office of Blenkner and Blenkner in Columbus, Montana, on May 5, 1969. During her early employment, one of her employers, William Blenkner, was also the part-time County Attorney of Stillwater County, Montana (the County). Kenyon was employed part-time by the law firm and part-time by Stillwater County, and paid separately by each entity.

In 1974, William Blenkner and C. Ed Laws formed a partnership

2

for the practice of law. At that time, Blenkner was part-time County Attorney and Laws was Deputy County Attorney. Kenyon continued in her bifurcated duties between the firm and the County. Eventually, Blenkner and Laws switched roles, with Laws becoming County Attorney and Blenkner becoming Deputy County Attorney.

By 1977, the County's legal workload increased to such an extent that Kenyon became a full-time county employee. Her salary and benefits were paid totally by the County. Consequently, the law firm employed other secretarial employees who were paid solely by the firm, except for those occasions when they worked on County business in Kenyon's absence.

In 1988, Laws became full-time County Attorney. He informed Kenyon on May 2, 1988, that the law firm was dissolving and that he would employ Sandra Fox as his secretary; Kenyon would work for Blenkner in private practice. As a result, Kenyon's employment with the County ended June 30, 1988. After Blenkner became too ill to employ Kenyon on a full-time basis, Kenyon approached the county commissioners for a job with the County that would provide her with at least a 32-hour work week. The County offered Kenyon a part-time position, but she declined it. Thereafter, she worked on various projects for the County on a part-time basis.

In the fall of 1988, Kenyon filed a preliminary inquiry with the Montana Human Rights Commission, alleging age discrimination by the Stillwater County Attorney. She subsequently filed a lawsuit against the County and Laws and the Human Rights Commission dismissed her administrative action.

Kenyon's three count complaint was filed on April 27, 1989.

3

The complaint alleged: age discrimination based on her termination and replacement by a younger woman; wrongful discharge based on termination without just cause and in violation of written personnel policies; and breach of the covenant of good faith and fair dealing. Respondents moved for summary judgment based on § 2-9-111, MCA, immunity regarding the wrongful discharge claim and the absence of any genuine issue of material fact as to Kenyon's age discrimination claim.

The District Court granted summary judgment to respondents. It concluded, in pertinent part, that: (1) § 2-9-111, MCA, immunity did not apply; (2) Laws was not individually liable; (3) Kenyon did not establish a prima facie case of age discrimination; and (4) Kenyon was terminated for good cause and, therefore, could not prevail on her wrongful discharge claim. Kenyon's subsequent Motion to Amend or Alter Judgment was denied and this appeal followed.

## Standard of Review

Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509. "[A] party moving for summary judgment has the burden of showing a complete absence of any genuine issue as to all facts deemed material in light of the substantive principles that entitle that party to a judgment as a matter of law." Cereck, 195 Mont. at 411, 637 P.2d at 511 (citing cases). If the moving party meets its burden, then the burden

4

shifts to the non-moving party to show that issues of fact exist. First Security Bank of Bozeman v. Jones (1990), 243 Mont. 301, 794 P.2d 679.

I.

Did the District Court err in granting summary judgment to C. Ed Laws individually on the wrongful discharge claim?

As noted above, the District Court denied summary judgment to the County and Laws on their § 2-9-111, MCA, immunity argument, concluding, as to Laws, that he was not an agent of the board of county commissioners. The court went on to determine that, as an elected officer of the County, Laws was an agent of the County acting within the scope of his authority; on this basis, it granted summary judgment to Laws individually on Kenyon's wrongful discharge claim. We agree with the grant of summary judgment to Laws, but for reasons different from those stated by the District Court.

Governmental entities in Montana are subject to liability for their own wrongful conduct and that of their employees acting within the scope of their duties. Section 2-9-102, MCA (1987). For purposes of the liability statutes, elected county officials are employees of the county. Section 2-9-101, MCA (1987). Absent consideration of exceptions not at issue here, where an action is brought against a county based on actionable conduct by an employee, the employee is immune from individual liability for the conduct if the county acknowledges that the conduct arose out of the course and scope of the employee's official duties. Section 2-9-305, MCA (1987). This is precisely the situation before us.

5

Kenyon's action is based on Laws' act of discharging her as his secretary when he became full-time County Attorney for Stillwater County. As an elected official, it is clear that Laws is an employee of the County for liability purposes under Montana statutes. Furthermore, both Laws and the county commissioners agree that Laws was acting within the scope of his official duties as County Attorney when he discharged Kenyon.

The County was named as a defendant on the basis of its liability for Laws' conduct within the scope of his duties under § 2-9-102, MCA (1987). Given the acknowledgement by the commissioners that the conduct on which the action is based arose out of the course and scope of Laws' official duties, it is clear that Laws himself is immune from liability under § 2-9-305(5), MCA (1987).

While the District Court reached the same result via a different analysis, we will uphold a court ruling if it is correct, regardless of the reasons given below for the result. District No. 55 v. Musselshell County (1990), 245 Mont. 525, 802 P.2d 1252. We hold, therefore, that the District Court did not err in granting summary judgment to C. Ed Laws individually on the wrongful discharge claim.

II.

Did the District Court err in granting summary judgment on the age discrimination claim?

Kenyon alleged age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., on the basis that she was replaced by a younger woman. She argues that summary

6

judgment is inappropriate on her age discrimination claim because genuine issues of material and disputed fact exist as to the reasons for her termination. Respondents contend that no genuine issues of material fact exist in that Kenyon failed to present any facts relating her discharge to discrimination based on age.

The District Court concluded that respondents had provided facts showing a nondiscriminatory reason for Kenyon's termination--poor work performance--and that Kenyon had failed to respond with facts showing that respondents were motivated by a discriminatory reason for her discharge. We agree.

In McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, the United States Supreme Court allocated the parties' respective burdens in an action based on racial discrimination. That allocation has been adopted for, and applied to, claims arising under the ADEA. Steckl v. Motorola, Inc. (9th Cir. 1983), 703 F.2d 392.

In the context of a summary judgment motion in an ADEA action, the plaintiff need only adduce facts which, if believed, support a reasonable inference that he or she was denied an employment opportunity because of discriminatory age criteria. Foster v. Arcata Assoc., Inc. (9th Cir. 1985), 772 F.2d 1453. If that burden is met, the employer must rebut the inference of discrimination with evidence of legitimate nondiscriminatory reasons the plaintiff was not hired or was terminated; upon such a showing, the burden shifts back to the employee to demonstrate with specific facts that the employer's explanation is a pretext. Foster, 772 F.2d at 1459, 1460.

7

In the present case, it is clear that Kenyon was in the protected age class, met the minimum job qualifications, and was discharged by Laws and replaced by a younger woman. Under Foster, this evidence is sufficient to support a reasonable inference of age discrimination. In support of their motion for summary judgment, respondents then had the burden of showing legitimate nondiscriminatory reasons for Kenyon's termination.

Laws' affidavit established that he had had problems with Kenyon's work performance, number of absences, and time spent on nonprofessional duties over a long period of time. In addition, Laws provided documentation that Kenyon was on probation at one time for her poor work performance. Respondents also offered parts of Kenyon's deposition in which she admitted that Laws' dissatisfaction with her was apparent by his yelling at her on almost a daily basis. This evidence was sufficient to rebut the inference of discrimination raised by Kenyon.

Kenyon subsequently failed to present specific facts, as required by Foster, indicating that Laws' explanation for her dismissal was a pretext. She relied entirely on the conclusory assertions of discrimination contained in her affidavit. Kenyon having failed to raise a genuine issue of material fact as to her age discrimination claim, we hold that the District Court did not err in granting summary judgment to respondents on Kenyon's age discrimination claim.

III.

Did the District Court err in considering whether Kenyon's termination was for good cause?

8

As discussed above, respondents' motion for summary judgment was based on § 2-9-111, MCA, immunity regarding the wrongful discharge claim and lack of genuine issues of material fact on the age discrimination claim. The District Court granted summary judgment to respondents on the age discrimination claim, concluded that immunity under § 2-9-111, MCA, did not apply, and went on to grant summary judgment to Laws and the County on the wrongful discharge claim based on its determination that Kenyon was terminated for good cause as defined by § 39-2-903(5), MCA, and pursuant to § 39-2-904, MCA. Kenyon argues that the court erred in ruling on good cause under the Wrongful Discharge from Employment Act.

The District Court's good cause discussion and conclusion followed immediately upon its consideration of Laws' long-term dissatisfaction with Kenyon's work performance in the context of the age discrimination claim. The court concluded that Laws' difficulties with Kenyon's work performance constituted good cause for her termination under § 39-2-903(5), MCA.

The District Court correctly noted that respondents' motion was for summary judgment on all claims, not merely partial summary judgment. It determined that Kenyon had the burden of raising a genuine issue of material fact in response to the motion. The record reflects, however, that respondents' motion and supporting arguments on the wrongful discharge claim differed significantly from those relating to the age discrimination claim. Respondents premised their motion on the former on entitlement to judgment as a matter of law by virtue of § 2-9-111, MCA, immunity; as discussed

9

above, the motion on the latter was premised on an absence of genuine issues of material fact.

The good cause issue as it related to the wrongful discharge claim was not raised or argued by either party. The court was bound by the issues presented to it. Custody of C.S.F. (1988), 232 Mont. 204, 208, 755 P.2d 578, 581. By granting summary judgment on the basis of an issue not before it, the court effectively denied Kenyon notice and an opportunity to be heard on the issue. Hereford v. Hereford (1979), 183 Mont. 104, 108, 598 P.2d 600, 602. We conclude that the District Court improperly considered good cause and hold, therefore, that it erred in granting summary judgment on the basis of good cause as defined in § 39-2-903(5), MCA.

IV.

Did the District Court err in granting summary judgment on Kenyon's wrongful discharge claim?

Kenyon's wrongful discharge claim based on a failure to follow the County's written personnel policies was not addressed in respondents' motion for summary judgment. Respondents first mentioned the personnel policies in their final brief in support of their motion for summary judgment and only in the context of their immunity argument.

Following the District Court's grant of summary judgment based partially on good cause, Kenyon sought to preserve her wrongful discharge claim based on a failure to follow written personnel policies by way of a motion to alter or amend the judgment. At the

10

hearing on the motion, Kenyon was denied the opportunity to enter into evidence written personnel policies of the County which she asserted were in force and effect at the time of her termination.

As the parties moving for summary judgment, respondents bore the burden of establishing that no genuine issues of material fact existed and that they were entitled to a judgment as a matter of law on Kenyon's wrongful discharge claim. Their only argument on that claim was that they were entitled to judgment as matter of law by virtue of § 2-9-111, MCA, immunity. The court rejected that argument. Respondents did not adequately raise or address the facts relating to the claim of wrongful discharge based on a failure to follow written personnel policies in their motion for summary judgment; therefore, they did not meet their burden on this issue.

It is clear from the record of the hearing on Kenyon's motion to alter or amend, and from the parties' arguments on appeal, that disputed issues of material fact exist relating to Kenyon's wrongful discharge claim. The parties argue the existence of different written personnel policies applicable to Kenyon's termination. This dispute goes to the very heart of her wrongful discharge claim. Due to the manner in which the proceedings unfolded in the District Court, this fundamental dispute has not been properly addressed by the parties or that court.

We hold that the District Court erred in granting summary judgment on Kenyon's wrongful discharge claim.

11

## V.

Did the District Court err in determining that respondents were not immune pursuant to § 2-9-111, MCA?

Respondents assert that the District Court erred in determining that they were not immune from suit under § 2-9-111, MCA. In the event we find that genuine issues of material fact remain on Kenyon's claims, they request that we affirm the grant of summary judgment on the basis of the statutory immunity.

Rule 14, M.R.App.P., provides that a party may cross-appeal a ruling, order or proceeding of the trial court made against it and affecting its substantial rights. Thus, in order to have the issue of statutory immunity reviewed by this Court, respondents were required to file a cross-appeal. Rouse v. Anaconda-Deer Lodge County (1991), 250 Mont. 1, 817 P.2d 690. They did not do so. The immunity issue not being properly before us, we will not address it.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

August 6, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

ROSEMARY C. BOSCHERT
Attorney at Law
219 Hedden-Empire Building
Billings, MT 59101

Stephen J. Lehman
CROWLEY, HAUGHEY, HANSON, TOOLE & DIETRICH
P.O. Box 2529
Billings, MT 59103-2529

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy