JUSTICE NELSON,
specially concurring.
I concur with the result of our opinion. I also concur in the approach we have taken, and I believe our decision will clarify the burdens of the respective parties in summary judgment proceedings in discrimination cases. Nevertheless, I would have reached the same result using the McDonnell-Douglas analysis which we adopted in Kenyon v. Stillwater County (1992), 254 Mont. 142, 835 P.2d 742.
I write separately only because I do not agree in all respects with the way that we have interpreted Kenyon or that our decision in that case should be overruled. Rather, I believe that our decision here simply clarifies Kenyon.
In Kenyon we relied on and followed Foster v. Arcata Assoc., Inc. (9th Cir. 1985), 772 F.2d 1453, a summary judgment-discrimination *335 case, which, like cases in many other jurisdictions, followed the analysis in McDonnell-Douglas. I believe that the first step in that analysis and in our approach here is really the same — i.e. the plaintiff must initially make out a prima facie case of discrimination at the pleading stage. While that may appear to be a first burden for the plaintiff under McDonnell-Douglas, that same hurdle exists for the plaintiff in any case. I do not believe that the language used in Kenyon that the plaintiff need “adduce facts which, if believed, support a reasonable inference that he or she was denied an employment opportunity,” sets any different or higher standard for the initial pleading in discrimination cases than we have traditionally required for pleading in non-discrimination cases. Kenyon, 835 P.2d at 745.
In Treutel v. Jacobs (1989), 240 Mont. 405, 784 P.2d 915, a personal injury case decided on summary judgment, citing Rule 8(a), M.R.Civ.P., we stated:
While this Court has long recognized that a complaint is to be construed in the light most favorable to the plaintiff, Fraunhofer v. Price (1979), 182 Mont. 7, 594 P.2d 324, we cannot say that Linda’s complaint, even when viewed favorably to her position, set forth a claim upon which relief can be granted. As we stated in Rambur v. Diehl Lumber Co. (1963), 142 Mont. 175, 179, 382 P.2d 552, 554:
"... a complaint must state something more than facts which, at most, would breed only a suspicion that plaintiffs have a right to relief. Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief.”
Treutel, 784 P.2d at 916. Accordingly, the first element of Kenyon is in line with existing law. If plaintiff does not set out a prima facie case in the complaint, her claim will never survive a Rule 12(b)(6) motion to dismiss, much less a motion for summary judgment.
The burden then shifts to the movant for summary judgment, the employer. Under our decision here, under McDonnell-Douglas, and under Kenyon, the test is the same; the employer must come forward with a legitimate nondiscriminatory reason for the alleged discriminatory treatment.
Assuming the employer meets that burden, it is then incumbent on the plaintiff to come forward with sufficient facts to raise an inference that the employer’s reason is actually a pretext. While the majority reads the language used in Kenyon as imposing a trial burden of proof on the plaintiff, I do not. I do not find anything in *336 either Kenyon or in Foster that leads me to believe that our statement that the employee must “demonstrate with specific facts that the employer’s explanation is a pretext,” imposes any different or higher burden of proof on the plaintiff in a summary judgment-discrimination case than in any other case.
Again, in the context of a non-discrimination case, we recently reiterated the well-established rule as to plaintiff’s burden in opposing a motion for summary judgment:
Once the movant has presented evidence to support his or her motion, the party opposing summary judgment must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact.
Howard v. Conlin Furniture No. 2, Inc. (1995), 272 Mont. 433, 437, 901 P.2d 116, 119, a wrongful discharge-summary judgment case. See also Thornton v. Songstad (1994), 263 Mont. 390, 868 P.2d 633, a contract case involving the sale of real property, wherein we stated that the non-moving party’s proof must be substantial and consist of specific facts and that reliance on speculative, fanciful or conclusory statements is insufficient. Thornton, 868 P.2d at 638. In my view, Kenyon’s third step does not require of plaintiff any more than that she present material and substantial factual evidence of pretext, nor does that step allow her to prevail merely on conclusion and speculation. I do not believe that, under Kenyon, the plaintiff is subjected to a trial burden of proof in opposing summary judgment; she is simply required to raise a factually based inference of pretext, but nothing more.
Again, I believe our opinion and our approach here is correct. It should now be crystal clear who bears which burden and what is the correct standard ofproofin summaryjudgment-discrimination cases. Nevertheless, for the very reasons that we set out in our opinion, I would have also concluded under Kenyon that Nafisseh had met her burden to raise a factually based inference that EMC’s explanation was pretextual.
Accordingly, I specially concur.