JUSTICE GRAY,
dissenting.
¶24 I concur in part in the Court’s opinion, but respectfully dissent from the portion of that opinion which holds that the District Court reached the right result, although for the wrong reason, in granting summary judgment to the Native American Center (NAC). More specifically, I agree with the Court that the trial court erred in concluding that Shield’s Indian status as an “urban Indian” entitled him to the Indian employment preference. I disagree that this case — which is before us on a limited summary judgment record premised on the “urban Indian” analysis — can be properly resolved on an alternative theory.
¶25 There is no question but that the Court states our correct standard in reviewing a trial court’s summary judgment ruling. I also agree that, under certain circumstances, we can affirm a trial court’s decision, if correct, regardless of its reasons. The cases cited for the “right result, wrong reason” approach here, however, do not support the Court’s reliance on an alternative legal theory not argued in the District Court or this Court and for which no adequate record exists by which we can — or the District Court could have, given the state of the record and the basis for summary judgment argued there — determine that summary judgment in the NAC’s favor is appropriate here.
¶26 Norman was before us after a bench trial by the district court and the entry of extensive findings on the evidence presented. Determining that the findings were not clearly erroneous, we affirmed the district court’s application of the law to those facts. Norman, 258 Mont. at 30-31, 852 P.2d at 535-36. Unlike Norman, we have no findings before us based on evidence relating to the alternative legal theory the Court applies, simply because no trial was held; in addition, the record before us does not contain affidavits or other evidence in support of — and opposition to — the legal theory never argued in the *391 District Court. Musselshell County, on the other hand, was a summary judgment case; the relevant facts there, however, were undisputed and we used the “right result, wrong reason” approach to affirm the trial court by applying a different legal theory to the undisputed facts. Musselshell County, 245 Mont. at 527, 802 P.2d at 1253. In the present case, we do not have before us undisputed facts necessary for application of the Court’s alternative legal theory. As a result, it is my view that the Court ignores the “no genuine issues of material fact” portion of the summary judgment criteria, creating a significant and troubling departure from our traditional practice in reviewing summary judgment decisions.
¶27 Indeed, our analysis of a district court’s improper reliance on an issue not raised or argued in the summary judgment context in Kenyon v. Stillwater County (1992), 254 Mont. 142, 835 P.2d 742, is applicable to — and preclusive of — the Court’s approach here. In Kenyon, we held a trial court in error for granting summary judgment on an issue not raised and argued, determining that the court was bound by the issues presented and that, “[b]y granting summary judgment on the basis of an issue not before it, the court effectively denied [the opposing party] notice and an opportunity to be heard....” Kenyon, 254 Mont. at 149, 835 P.2d at 746-47. The same reasoning applies to this Court’s actions here which, in addition, are in derogation of fundamental summary judgment principles relating to the moving party being required — and strictly — to establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. In this case, the fact is that — since the record before us is so limited — it cannot be determined that no genuine issue of material fact exists relating to whether either the Little Shell Chippewa Tribe or the assemblage of urban Indians living in Great Falls is an “urban Indian organization” or an “organized Indian community’ for purposes of applying the statutes referenced by the Court and, therefore, we cannot properly determine that the NAC was entitled to judgment as a matter of law. For these reasons, I would reverse the District Court’s grant of summary judgment in NAC’s favor and remand for such proceedings as the parties might determine were appropriate in light of that reversal; such proceedings might well include, of course, another motion for summary judgment by the NAC on the alternative legal theory relied on by this Court and the opportunity for both parties to present relevant evidence in support of — and opposition to — any such motion.
*392 ¶28 In addition to the matters discussed above, I have concerns with portions of the Court’s legal analysis and I submit that, perhaps particularly in the complex arena of Indian law, it is dangerous and unwise to piece together an analysis not presented by any party based on unestablished facts. In light of my view that no record exists on which we can determine that the NAC met its initial burden of establishing the absence of genuine issues of material fact on an alternative theory never argued, however, I would not reach the legal analysis necessary to affirm the District Court’s decision here.
¶29 I would reverse the District Court’s grant of summary judgment to the NAC and remand for further proceedings and I respectfully dissent from the Court’s failure to do so.
JUSTICE NELSON joins in the foregoing dissenting Opinion of JUSTICE GRAY.