No. DA 06-0119

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 91N

ROBERT L. HALLORAN,

       Plaintiff and Appellant,

   v.

TREX COMPANY, INC.; TREX COMPANY, LLC;
ADVANTAGE BUIDING SERVICES, INC.;
ROBERT SCHWARTZ d/b/a ADVANTAGE
BUILDING SERVICES; SLITERS HARDWARE;
DOES I to X,

       Defendants and Respondents.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DV-05-782A
                 Honorable Ted O. Lympus, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

          Robert L. Halloran, *Pro Se*, Bigfork, Montana

       For Respondents

          Randall A. Snyder; Snyder law Office, Bigfork, Montana
          (for Trex Company, Inc., Trex Company, LLC, and
          Sliters Hardware)


                       Submitted on Briefs:  November 22, 2006

                               Decided:  April 3, 2007

Filed:

                                _____
                                      Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	In October of 2005, Robert L. Halloran (Halloran), representing himself, brought this action against the Defendants alleging that Trex Company, Inc., Trex Company, LLC (collectively Trex) and Sliters Hardware (Sliters) manufactured, marketed and sold defective decking materials which his contractor, Robert Schwartz d/b/a Advantage Building Services (Schwartz), installed on a deck at Halloran's residence. Halloran appeals from the January of 2006 order of the Eleventh Judicial District Court, Flathead County, granting a motion filed by Trex and Sliters to enforce an order of the New Jersey Superior Court enjoining Halloran from pursuing his claims in the Montana action and to dismiss Halloran's complaint against Trex and Sliters on that basis. We affirm.

¶3	We address the following issues:

¶4	1. Is this appeal properly before us?

¶5	2. Did the District Court err in granting the motion to enforce the New Jersey Superior Court's order and in dismissing Halloran's claims against Trex and Sliters on that basis?

2

## BACKGROUND

¶6 Trex manufactures and sells various products used to construct decks. Trex was a named defendant in a class action lawsuit brought in the New Jersey Superior Court, Law Division, Essex County, in which the plaintiffs alleged the defendants violated state and common laws by negligently misrepresenting the characteristics of Trex decking materials, breaching contracts, breaching implied or express warranties and defrauding consumers of Trex products. *See Kanefsky v. Trex Co., Inc.* No. L-7347-00 (N.J. Super. L. Div.). On August 19, 2004, the parties in the class action suit entered into a stipulation of settlement and release wherein the plaintiffs agreed to release any claims against Trex arising out of Trex's sale or representation of Trex products and to release any other persons or entities from claims for which Trex could be liable based on the design, manufacture, advertising, sale or distribution of Trex products. In exchange, the defendants agreed, *inter alia*, to replace—upon proper proof of claim—any Trex product purchased by a class member which suffers from certain specified defects and to pay for the cost of replacing the product, including labor. The settlement agreement defined class members as all persons who purchased Trex products during the period of January 1, 1992, to July 31, 2004, and all persons who subsequently own such products. The settlement agreement further contained a procedure to provide notice of the class action settlement to all class members, as well as a method by which class members could submit written requests to be excluded from the settlement. Written requests for exclusion were required to be filed by November 19, 2004.

¶7 On December 17, 2004, the New Jersey Superior Court entered its order and final judgment approving the settlement agreement and dismissing the action with prejudice. In its

3

order, the court determined that members of the class were given notice of the settlement agreement in an adequate and sufficient manner which complied with court rules and due process. The court stated that its order had the effect of permanently enjoining all class members who did not timely request exclusion from the class from pursuing any claim which had been released under the terms of the settlement agreement. Finally, the court ordered that "[j]urisdiction is hereby retained as to all matters related to the administration and consummation of the Stipulation and Settlement and all other matters covered in this Order and Final Judgment."

¶8 Some time in 2003, Halloran hired Schwartz to construct a deck at Halloran's residence using Trex decking materials purchased from Sliters. In December of 2004, Halloran observed that the decking material had warped, was discolored and was extremely slippery when wet. Halloran contacted Trex, requesting that Trex compensate him for the cost of labor and materials to replace his deck. In response, Trex asserted that the deck warping was caused by faulty installation of the joists supporting the deck rather than any defect in the Trex decking material itself. Nevertheless, Trex offered to replace the decking material with new product. It refused to pay for the labor costs of removing the old decking and installing the new.

¶9 The parties attempted to negotiate a resolution of the matter between January and August of 2005, but were unable to reach an agreement. Although Halloran's 2003 purchase of the Trex decking material qualified him as a class member, Trex did not initially inform Halloran of the class action settlement and his right to bring a claim thereunder. According to Halloran, Trex did not inform him of the class action settlement until August of 2005,

4

when he threatened to file a lawsuit over the matter and Trex responded that such a suit would be barred by the terms of the class action settlement. On October 20, 2005, Halloran filed a complaint in the District Court alleging causes of action against Trex and Sliters for defective product, against Trex for breach of the implied covenant of good faith and fair dealing and intentional infliction of emotional distress, and against Schwartz for negligent installation of the deck.

¶10 Trex responded to Halloran's complaint on behalf of all the Defendants by moving the District Court to enforce the New Jersey Superior Court order approving the class action settlement agreement and to dismiss Halloran's complaint in its entirety. Trex argued that the Montana District Court did not have jurisdiction over Halloran's action because the New Jersey Superior Court retained jurisdiction over the administration and consummation of the class action settlement agreement. Trex further argued that the District Court must give full faith and credit to the New Jersey court's final judgment approving the settlement agreement and Halloran's claims were barred by the doctrine of *res judicata*. Trex asserted that Halloran qualified as a class member and had not timely requested to be excluded from the class. Therefore, according to Trex, Halloran's claims were barred because they were claims released by the class action settlement agreement. Trex simultaneously moved the New Jersey Superior Court to enjoin Halloran's claims in the Montana action as being in contravention of the class action settlement agreement.

¶11 On December 16, 2005, the New Jersey Superior Court granted the Defendants' motion to enjoin Halloran's claims in the Montana action under the class action settlement agreement. Trex then moved the District Court to give full faith and credit to the New Jersey

5

court's order enjoining further litigation of Halloran's claims in Montana. On January 19, 2006, the District Court entered its order granting Trex's motion to enforce the New Jersey Superior Court order and dismiss Halloran's complaint. In its order, the District Court determined that Halloran was a class member who had not timely requested exclusion from the class and that the New Jersey Superior Court retained jurisdiction over class members. The District Court further noted that the New Jersey court had entered an order enjoining Halloran's claims because they fell within the purview of the class action settlement and that Trex asserted the District Court must give full faith and credit to this order. The District Court then determined that "[t]he New Jersey Superior Court lawfully retained continuing jurisdiction over the implementation of the terms of the settlement agreement or the resolution of any disputes arising thereunder." Therefore, the District Court dismissed all of Halloran's claims relating to the defective nature of the Trex decking product and Trex's conduct in implementing the settlement agreement. However, the court stated that Halloran could pursue a claim against Schwartz for negligent installation of the deck. Halloran appeals.

## DISCUSSION

¶12 *1. Is this appeal properly before us?*

¶13 This Court generally assumes jurisdiction in an appeal of a civil matter only where a final judgment has been entered. M. R. App. P. 1(b)(1); *Losleben v. Oppedahl*, 2004 MT 5, ¶ 25, 319 Mont. 269, ¶ 25, 83 P.3d 1271, ¶ 25. "A judgment is the final determination of the rights of the parties in an action or proceeding." *Losleben*, ¶ 25. Where an action involves multiple parties and/or multiple claims, a judgment as to one or more, but not all, claims or

parties is not a "final judgment" absent the trial court expressly declaring the judgment to be final pursuant to M. R. Civ. P. 54(b). *Losleben*, ¶ 25. Furthermore, although the parties in this case do not raise the issue of whether this Court has jurisdiction over this appeal, we may do so *sua sponte*. *Losleben*, ¶ 25.

¶14 As stated above, Halloran's complaint alleged three causes of action; the first two asserted claims against Trex and Sliters, while the third asserted a negligence claim against Schwartz. In its order granting Trex's motion to dismiss, the District Court expressly stated that it was dismissing only Halloran's claims against Trex and Sliters, and that Halloran could pursue his claim against Schwartz for negligent installation of the deck. Consequently, the District Court's dismissal order did not resolve all claims against all parties in the action. Moreover, the court did not certify its dismissal order as a final judgment pursuant to M. R. Civ. P. 54(b).

¶15 We observe that, on the day before the District Court entered its dismissal order, Halloran filed a "First Amended Complaint" which, *inter alia*, deleted the negligence claim against Schwartz. However, Halloran obtained neither leave from the District Court nor written consent of the adverse parties before filing this amended complaint as required by M. R. Civ. P. 15(a). As a result, the amended complaint was not valid and did not supersede the claims in his original complaint. Additionally, on the same day the District Court entered its dismissal order, Halloran filed a document purporting to dismiss his claim against Schwartz. Again, however, Halloran obtained neither leave of the District Court nor a stipulation from the other parties authorizing this dismissal of his claim against Schwartz pursuant to M. R. Civ. P. 41(a).

7

¶16 Consequently, we conclude that Halloran's claim against Schwartz for negligent installation has not been resolved and there is no final judgment in this case. Under such circumstances, we typically would dismiss this appeal for lack of jurisdiction under M. R. App. P. 1(b)(1). Upon further review of the record, however, we determine that Halloran's original complaint does not sufficiently plead a cognizable claim of negligence against Schwartz.

¶17 Montana is a "notice pleading" state. Pursuant to M. R. Civ. P. 8(a), a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." However, a complaint must put a defendant on notice of the facts the plaintiff intends to prove, the facts must disclose the elements necessary to make the claim, and the complaint must demand judgment for the relief the plaintiff seeks. *See Kunst v. Pass*, 1998 MT 71, ¶ 35, 288 Mont. 264, ¶ 35, 957 P.2d 1, ¶ 35. Furthermore, although a complaint is to be liberally construed under the notice pleading requirements of Rule 8(a), "'a complaint must state something more than facts which, at most, would breed only a suspicion that plaintiffs have a right to relief. Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief.'" *Treutel v. Jacobs*, 240 Mont. 405, 407, 784 P.2d 915, 916 (1989) (quoting *Rambur v. Diehl Lumber Co.*, 142 Mont. 175, 179, 382 P.2d 552, 554 (1963)).

¶18 Here, the third cause of action alleged in Halloran's complaint is labeled as a negligence claim against Schwartz and Advantage Building Services, and contains three paragraphs. The first paragraph realleges the ten paragraphs contained in the first cause of action, which relate primarily to Trex and Sliters, but include allegations that Halloran paid

8

the cost of having Schwartz purchase and install the decking material at his residence, the decking material was dangerous and defective, and Halloran claims damages for the cost of removing and replacing the deck. The second paragraph of the negligence claim against Schwartz states that the Defendants Trex "contend the decking material was improperly and carelessly installed and the warping of the material was due to the installation of the supporting joists." The third paragraph of the negligence claim states that "Plaintiff is informed and believes the supporting joists were level with one exception. Plaintiff has no means to determine if the material was properly installed." Finally, the complaint's prayer for relief requests specific damages on the first and second causes of action, but does not request either specific or general damages for the negligence cause of action against Schwartz.

¶19 We conclude that Halloran's purported cause of action against Schwartz does not allege facts relating to the duty, breach, causation or damages elements of a negligence claim in a manner sufficient to meet the pleading requirements of M. R. Civ. P. 8(a) and the cases interpreting that rule as discussed above. On that basis, we further conclude that this third cause of action could not survive a motion to dismiss for failure to state a claim upon which relief may be granted and we dismiss it on that basis. As a result, there are no outstanding claims to be resolved and we properly may exercise our appellate jurisdiction to review the District Court's dismissal order relating to Trex and Sliters.

¶20 *2. Did the District Court err in granting the motion to enforce the New Jersey Superior Court's order and dismissing Halloran's claims against Trex and Sliters on that basis?*

9

¶21     Trex argued that the District Court must give full faith and credit to the New Jersey Superior Court's orders approving the class action settlement agreement and enjoining Halloran from pursuing his claims brought in the Montana action. On that basis, Trex further argued that the District Court must dismiss Halloran's claims against Trex and Sliters. The District Court agreed and granted Trex's motion to dismiss. Halloran asserts the District Court erred. A district court's determination to grant a motion to dismiss is a conclusion of law which we review to determine whether the court's interpretation and application of the law is correct. *Fleenor v. Darby School Dist.*, 2006 MT 31, ¶ 6, 331 Mont. 124, ¶ 6, 128 P.3d 1048, ¶ 6.

¶22     "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Thus, "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker v. General Motors Corp.*, 522 U.S. 222, 233, 118 S.Ct. 657, 663-64 (1998); *see also, Carr v. Bett*, 1998 MT 266, ¶ 39, 291 Mont. 326, ¶ 39, 970 P.2d 1017, ¶ 39; *In re Child Support of Mason*, 1998 MT 192, ¶ 12, 290 Mont. 253, ¶ 12, 964 P.2d 743, ¶ 12. Consequently, a Montana court must give the same credit, validity and effect to a judgment of a sister state as it would give to a judgment rendered by a court in the state of Montana. *See Carr*, ¶ 39.

¶23     Here, in its order granting the motion to enforce the New Jersey Superior Court's order and to dismiss, the District Court expressly determined that Halloran was a class member who had not requested exclusion from the class and that the New Jersey court

10

retained jurisdiction over class members. The District Court further determined that the New Jersey court "lawfully retained continuing jurisdiction over the implementation of the terms of the settlement agreement or the resolution of any disputes arising thereunder." Consequently, having determined the New Jersey Superior Court had personal and subject matter jurisdiction, the District Court was required to give full faith and credit in Montana to the New Jersey court's order enjoining Halloran from pursuing his claims.

¶24    Halloran asserts, however, that the District Court failed to address his argument that he is not subject to the class action settlement and the New Jersey Superior Court did not have personal jurisdiction over him because the notice provisions in the class action settlement were inadequate to afford him due process. He contends that we should remand this case to the District Court to determine whether the New Jersey court had personal jurisdiction over him and whether he is bound by the settlement agreement. We disagree.

> [W]hen issues of jurisdiction have been determined by one court, the doctrine of res judicata precludes a second court from considering jurisdiction so long as the first court fully and fairly considered the issue. Moreover, that judgment as to jurisdiction is entitled to full faith and credit in the second court.

*Child Support of Mason*, ¶ 16.

¶25    The New Jersey Superior Court determined in its order approving the settlement agreement that the agreement's notice provisions were adequate and sufficient to comply with due process. In responding to Trex's motion in the New Jersey court to enjoin Halloran's claims in Montana, Halloran raised the same arguments regarding the sufficiency of the settlement agreement's notice provisions. Although the New Jersey court did not expressly address Halloran's arguments in this regard in its order, the court stated it had

11

considered arguments opposing Trex's motion. Thus, the New Jersey court implicitly rejected Halloran's arguments regarding the sufficiency of the notice and reaffirmed its earlier determination that the notice provisions included in the class action settlement agreement comported with due process. Furthermore, the District Court in Montana noted the New Jersey Superior Court's determination that the notice provisions constituted sufficient notice to all class members. Halloran does not—and did not in the District Court— contend that the New Jersey court failed to "fully and fairly consider" his arguments regarding sufficiency of notice. *See Child Support of Mason*, ¶ 16. Consequently, the District Court was required to give full faith and credit to the New Jersey Superior Court's determination that the settlement agreement's notice provisions were adequate, and it did not err in refusing to address Halloran's arguments in this regard.

¶26 Halloran also contends that the District Court erred in dismissing his claim that Trex breached the implied covenant of good faith and fair dealing because this claim was not a claim which was released by the terms of the class action settlement. In his complaint, Halloran alleged that Trex breached the implied covenant of good faith and fair dealing by failing to inform him of the class action settlement agreement at any time between January and August of 2005, when they were negotiating to settle his dispute. In its order granting Trex's motion to enforce the New Jersey court's order and to dismiss, the District Court specifically determined that it had no jurisdiction over Halloran's claim in this regard because it was a dispute arising under the settlement agreement over which the New Jersey court retained continuing jurisdiction. We agree with the District Court.

12

¶27 As stated above, in its order approving the class action settlement agreement, the New Jersey Superior Court expressly retained jurisdiction "as to all matters related to the administration and consummation of the Stipulation and Settlement and all other matters covered in this Order and Final Judgment." Halloran's claim that Trex acted improperly in allegedly shielding the existence of the settlement agreement from him constitutes a claim relating to the "administration and consummation" of the settlement agreement over which the New Jersey Superior Court retained jurisdiction.

¶28 Furthermore, Halloran raised his argument regarding Trex's alleged breach of the implied covenant of good faith and fair dealing in responding to Trex's motion to enjoin brought in the New Jersey Superior Court. The New Jersey court considered Halloran's argument and implicitly determined the claim was precluded by the terms of the class action settlement agreement by granting Trex's motion to enjoin Halloran's claims *in toto*. We conclude that the District Court did not err in determining that it lacked subject matter jurisdiction over Halloran's claim for breach of the implied covenant of good faith and fair dealing.

¶29 We hold that the District Court did not err in granting the motion to enforce the New Jersey Superior Court's order and dismissing Halloran's claims on that basis.

¶30 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER

13

/S/ JIM RICE
/S/ JAMES C. NELSON